## SUPREME COURT.

BARNUM agt. THE SENECA COUNTY BANK.

SUYDAM AND OTHERS agt. THE, SAME AND OTHERS.

Where an appeal is taken from an order of the circuit judge, putting the cause over the circuit on certain conditions—a motion to dismiss such appeal should be made at the *general term*.

*Niagara Special Term, February*, 1851. These are actions in which relief of an equitable character is sought. Before the adoption of the present constitution of this state, jurisdiction of these would have belonged to the Court of Chancery. They were noticed for trial by the defendants and put on the calendar at the last Erie county Circuit Court. The plaintiffs moved to put them over the circuit. These motions were opposed by the defendants, who moved that the complaints be dismissed unless the trial proceeded. The judge holding the circuit, ordered the causes to go over upon certain specified conditions to be performed by the plaintiffs, and in case those conditions were not complied with, directed the complaints to be dismissed. From these orders the plaintiffs appealed to the general term.

Mr. D. TILLINGHAST, now moves to dismiss the appeals upon affidavits showing, as he claims, that the requisitions of the Code, to render an appeal effectual, have not been complied with; and upon the further ground that the decisions at the circuit are not the subject of appeal under the Code.

Barnum agt. Seneca County Bank.

Mr. H. GARDNER, for the plaintiffs, objects that these motions can not be heard at a special term; that they must be made at a general term.

·SILL, Justice.—A general term of the Supreme Court, and a special term or circuit, stand to each other in the same relation which has ordinarily existed between courts of appellate and courts of original jurisdiction. It has always been understood to be the province of the court of appeal to determine for itself, of what cases and questions it has jurisdiction, and likewise how and when it was obtained. The exercise of this power by the appellate tribunal, would seem indispensable to a full and perfect enjoyment of the important right of appeal.

The points presented here relate to the jurisdiction of the general term, and upon principle as well as by precedent, their decision belongs there.

These appeals are in character, much like an appeal under our former judicial system, from a vice chancellor to the chancellor. A motion to dismiss such an appeal was uniformly made to the chancellor.

There are cases in which the court, from whose decision an appeal has been attempted, has passed indirectly upon the effect of the measures adopted for that purpose, by directing its own decree to be executed notwithstanding the appeal. But I have not been able to find any decision holding that the inferior tribunal possesses the power to dismiss an appeal taken from its own order or judgment. If the exercise of such authority were allowed, a party might always be deprived of the right of appeal by the successive erroneous decisions of the tribunal whose judgment he is seeking to review.

I do not consider this reasoning any the less applicable to these motions, because the orders in question were made at a circuit, and these motions are at a special term. One officer holds both these courts, and these motions might at the defendants' option, have been made at a special term, held by the same judge who made the orders appealed from.

It is said by the defendants' counsel that these applications

are made at the special term in obedience to the 30th standing rule of the court. This rule directs that non enumerated motions shall be heard at *special terms, except when otherwise directed by law.*

The considerations already adverted to, would be sufficient to show that this rule was not intended, and should not be construed to embrace motions like the present, even if it had not contained any express exceptions.

But, as has already been remarked, the practice of addressing to the appellate courts motions to dismiss appeals, was uniform and settled. The preexisting practice, not inconsistent with the Code, was continued by the 469th section, until changed by the court.

It is not, perhaps, unreasonable so to construe this section as to bring these cases within the exception specified in the rule.

But if this should be considered too artificial an interpretation of the statute, I should still be of the opinion that these motions should be made at a general term.

The motions are accordingly denied without costs, and without prejudice to any application that may be made at the general term.