(8 App. Div. 320)
### MANHATTAN RY. CO. et al. v. O'SULLIVAN et al.

(Supreme Court, Appellate Division, First Department.    July 31, 1896.)

EMINENT DOMAIN—APPEAL FROM AWARD—RIGHT OF APPELLANT TO STAY.
.   A judgment directing payment of the award in condemnation proceedings will not be stayed pending an appeal on the ground that the award was excessive, but a bond may be taken from the landowners conditioned to make restitution in case the award should be reduced.

Appeal from special term, New York county.

Application by the Manhattan Railway Company and the Metropolitan Elevated Railway Company to acquire title to certain real property in the city of New York, owned by Christina O'Sullivan, Eugene O'Sullivan, Vincent J. O'Sullivan, Percy J. O'Sullivan, Ernest P. O'Sullivan, and Charles A. O'Sullivan. An order setting aside the award of the commissioners as excessive was reversed by the appellate division (40 N. Y. Supp. 326) and petitioners appealed to the court of appeals. From an order staying execution until decision of the appeal to the court of appeals the landowners appeal. Reversed on condition.

Argued before BARRETT, RUMSEY, PATTERSON, and INGRAHAM, JJ.

William V. Rowe, for appellants.
E. C. James, for respondents.

PER CURIAM. The order which was appealed from in this proceeding is a final order. Code Civ. Proc. § 3371. Whether an appeal lies to the court of appeals is a matter to be determined by that court (Barnum v. Bank, 6 How. Prac. 82; Morrison v. Morrison, 16 Hun, 507), and cannot be considered upon the hearing of this motion. If the plaintiffs are entitled to review that order, it is quite clear that they should have either a stay of proceedings or some other way of protecting their rights during the pendency of the appeal. Under ordinary circumstances, where the question at issue was whether or not the successful party was entitled to recover anything, it would be the better course to give a stay of proceedings upon the defeated party's giving a bond to pay the judgment if it should be affirmed, as was done in this case pursuant to the order of the special term. But that is not precisely this case. Here there is no doubt of the right of the defendants to have from the plaintiffs, as the price of this property which is to be condemned, a considerable sum of money, and the only question is whether the sum which was awarded to them was more than they should have recovered. The plaintiffs have the property, and as long as they hold the property it certainly is no more than just that they should pay to the defendants, whose property they are in possession of, the purchase price. It would seem not to be quite fair that the plaintiffs, holding the property, and conceding that they were bound to pay to the defendants something because they had appropriated it, should be at the same time permitted to keep the property, and keep also that sum which should be awarded to the de-

fendants as the value of it. If the plaintiffs succeed in their appeal, and this order is reversed, and a new appraisal ordered, the amount which is to be paid by them to the defendants may possibly be reduced; and the danger that, if they pay the amount of the present award, they may not be able to obtain restitution from the defendants, is the only thing to be apprehended. That danger is very easily averted by requiring that the defendants, if they desire to have the amount of the award paid to them before the final determination of the appeal by the court of appeals, shall give to the plaintiffs a bond approved by a justice of this court in the penalty of $40,000, conditioned that, if the final order shall be reversed, and a new appraisal made, upon which a less sum shall be awarded to the defendants than is awarded by the present order, they will make restitution to the plaintiffs of the difference between the amount which they receive under this order and that which they shall receive under a new order if the award shall be reduced. If the defendants desire to obtain the award upon those terms, it is proper that they should be permitted to have it.

The order should therefore be reversed, and the stay vacated upon condition that the defendants serve upon the plaintiffs within 10 days a bond in the sum of $40,000, with two sureties approved by a justice of this court, conditioned that, if the final order appealed from shall be reversed, and upon a new appraisal the award shall be reduced, the defendants will make restitution to the plaintiffs of the difference between the amount received under the present award and the amount which they shall receive under the new award if it shall be reduced. If such bond is given within 10 days, the stay shall be vacated; if not, the order will be affirmed, without costs to either party of this appeal.

---

(8 App. Div. 309)

RIDABOCK v. METROPOLITAN EL. RY. CO. et al.

(Supreme Court, Appellate Division, First Department. July 31, 1896.)

COSTS ON APPEAL—STENOGRAPHERS' FEES.

Argued before BARRETT, RUMSEY, PATTERSON, and INGRAHAM, JJ.