HOUSING AUTHORITY OF THE CITY OF NEWARK, NEW JERSEY,
petitioner,

v.

JULIA M. RYAN and others, defendants.

[Decided June 25th, 1940.]

*Mr. Milton R. Konvitz (Mr. Samuel Roessler)*, for the petitioner.

*Messrs. Kanter & Kanter (Mr. Elias A. Kanter)*, for the defendants.

BIGELOW, V. C.

The Housing Authority of the city of Newark, New Jersey, petitioned for leave to pay into court the amount of an award made by commissioners in condemnation proceedings. Upon the filing of the petition, the leave was granted *ex parte* and the Housing Authority paid the money into court. Defendants now move to dismiss the petition on the ground that it does not show facts sufficient to justify payment into court.

Petitioner is a body politic and corporate organized under *R. S. 55:14A-1; P. L. 1938 p. 65,* an instrumentality of the municipality which created it. The Housing Authority initiated condemnation proceedings under *R. S. 20:1-1,* &c., to acquire defendants' lands. Then a writ of *certiorari* was procured by defendants to review the order of the circuit judge appointing the condemnation commissioners. The writ

did not operate as a stay. *R. S. 20:1-8.* The commissioners made their award and the Housing Authority appealed.

The circumstances in which an award may be paid into court are stated in *R. S. 20:1-15:*

"In case the party entitled to receive the amount assessed by the commissioners shall refuse upon tender thereof to receive the same, or shall be out of the state or under any legal disability, or in case several parties being interested in the fund shall not agree as to the distribution thereof, or in case the lands or other property taken are encumbered by mortgage, judgment or other lien, or if for any other reason the petitioner cannot safely pay the amount awarded to any person, in all such cases, on petition to the chancellor, to which shall be annexed a copy of the petition in condemnation and of the report of commissioners, the amount awarded may be paid into the court of chancery by order of the chancellor, and shall there be distributed according to law, on the application of any person interested therein. Written notice given to the owner or owners and to persons interested that such money has been so paid into court shall have the same effect as if the money so awarded had been actually tendered to the owner or persons entitled thereto. Where notice cannot be personally served, notice by advertisement, in such manner as the chancellor shall direct, shall have the same effect."

The petition does not state that a tender of the award has been made and rejected, or that the defendants are out of the state or under a legal disability, or that they do not agree on the distribution of the fund or that the property is encumbered by any lien. The petition alleges that because of the pending appeal from the award of the commissioners, petitioner cannot safely pay the amount awarded to the defendants. Is the pendency of the appeal a sufficient reason for paying the fund into court instead of paying it to the land owners?

Petitioner argues that *R. S. 20:1-24* enlarges the scope of *20:1-15* and should be construed to authorize payment into court whenever there is an appeal. But clearly, this section does not have the effect which petitioner attributes to it. It merely preserves petitioner's right to take the land and defendants' right to receive the award notwithstanding the appeal. It leaves the subject of payment into Chancery still governed by section 20:1-15.

Petitioner cites *Crane* v. *Elizabeth, 36 N. J. Eq. 339,* and *State Highway Commission* v. *Dey, 110 N. J. Law 197,* where it is said that "If, in any special case, this owner ought not, in equity, to receive the fund, the Court of Chancery will, at the instance of any interested complainant, take charge of its proper distribution, and so secure those particular equities which the generality of the statute has left without express protection." These decisions still leave unanswered the question whether the pendency of an appeal constitutes a reason why the land owner ought not to receive the fund.

The most important result that flows from payment, whether to land owner or into court, is that the condemning authority may immediately take possession of the land. *R. S. 20:1-12.* Payment may be made and the land may be taken despite the appeal. The statute contemplates that the money may be paid to the land owner, rather than into court, pending appeal and gives petitioner a remedy in the event that the amount found by the jury shall be less than that awarded by the commissioners. The petitioner may have judgment and execution for the excess. *R. S. 20:1-23.*

The provisions of title 20 of our Revised. Statutes apply equally to public and private corporations having power to take land for public use. *R. S. 20:1-1.* No distinction is made in *R. S. 20:1-15* and *R. S. 20:1-24* between public and private corporations. This makes most pertinent what was said by Mr. Justice Dixon in *Jersey City* v. *Hamilton, 70 N. J. Law 48,* concerning the statutory authority of a municipality to take land. "The authority thus conferred is given to private and to public corporations in the same words. Under our constitution, it cannot be conferred upon private corporations unless compensation be *first* made to the owners, and this means 'that the money' (paid as compensation) 'shall become theirs absolutely and that they shall have the same dominion over it that they had over the land before it was taken and nothing short of this will satisfy the constitutional requirement.' *Pennsylvania Railroad Co.* v. *National Docks, &c., Railway Co., 53 N. J. Eq. 178, 193.* The language of the statute must therefore be read in this sense,

with regard to private corporations and the act contains no intimation of any distinction in this regard ·between private and public corporations. Hence, the conclusion naturally follows that the right of the land owners to the money paid is intended to be as absolute and indefeasible as the right of the corporations to the possession of the land."

The purpose of petitioner in paying the money into Chancery is to prevent it from coming under the control of the land owners. Petitioner wants it held pending the appeal so that if the award be reduced, petitioner may be paid the excess out of the fund in court and not have to rely on a judgment against the land owners. But the legislature has no authority in the case of a private corporation to direct payment of the award into court, there to abide the result of the appeal and meanwhile give the condemning corporation the right to take possession of the land. *Redman* v. *Philadelphia, &c., Railroad Co., 33 N. J. Eq. 165; Packard* v. *Bergen Neck Railway Co., 48 N. J. Eq. 281.* Since the statute makes no distinction here between public and private corporations, the legislature cannot be supposed to have intended to authorize a public corporation to pay the award into court, there to await the outcome of the appeal.

I have not overlooked *R. S. 20:1-29,* which preserves in general terms any right which has been or may be granted to any public agency to take property in advance of making compensation therefor. Petitioner, however, does not show that any such right has been granted to it. The mere pendency of an appeal from the award of the commissioners is not a sufficient ground for paying the money into court. Petitioner can safely pay the defendants. Let there be an order directing the clerk to repay the fund to the petitioner and dismissing the petition.