394 P.2d 260

**NEW MEXICO SELLING CO., Richard Distributing Co., and Pucci Distributing Co., Petitioners,**

v.

**CRESCENDO CORPORATION (NSL), Nicholas Kapnison, Natalyn Kapnison, Howard Raishe, Ruth Raishe and William M. Terranova, Respondents.**

**William M. TERRANOVA, Plaintiff,**

v.

**Howard M. RAISHE and Ruth C. Raishe, Defendants-Appellants,**

**Robert J. JOHNSON, Intervenor-Appellee.**

No. 7430.

Supreme Court of New Mexico.

July 27, 1964.

**410**

Frank O. Westerfield, Jr., George F. Stevens, Albuquerque, for appellants.

Hines & Mistretta, Albuquerque, for intervener-appellee.

CARMODY, Justice.

The intervener in the court below was granted judgment and the defendants Raishe appeal.

It seems that in 1961 the intervener Johnson leased a restaurant and supper club, known as the Crescendo, to certain other parties. The lessees then formed the Crescendo Corporation, and in 1962 an agreement was entered into between the lessees and the corporation to sell the club to the defendants Raishe. Certain payments were made by the Raishes, and in November of 1962 the Raishes entered into a contract with William Terranova for the sale of their interest in the premises, whereupon Terranova took possession. All of the parties, together with certain liquor wholesalers, then became embroiled in a dispute over the operation of the club. Insofar as we are concerned, the ensuing litigation was basically between Terranova and the Raishes until the day of trial.

During the course of the litigation, certain hearings were had relating to a temporary injunction, which had restrained the defendants Raishe from interfering with the operation of the club. On the morning when the case finally came on for hearing, Robert J. Johnson, intervener, through his attorney, orally moved to intervene in the case, but did not at that time file any formal petition. However, no objection was made to the intervention, and although the court

did not formally rule allowing the same, the trial judge did state with respect to the motion, "I don't think that is of any surprise to anyone." Thereafter, the case proceeded as though the intervener was a party, with his attorney calling a witness and cross-examining the witnesses called both by the plaintiff and the defendant.

No objection whatsoever was made to the so-called intervention at the time of trial, and it was not until more than three weeks after the conclusion of the trial that the defendants Raishe, by a motion for new trial, claimed that they were not given time to prepare a defense as to the intervener. Intervener then filed a formal motion to intervene, and the same was granted by the court. It is the refusal of the trial court to grant a new trial on this basis that the defendants Raishe claim as their first point of error.

■ In this connection, no attack is made upon the findings of the trial court to the effect that the intervention of Robert J. Johnson was made with the express consent and stipulation of counsel in open court and that defendants Raishe were not prejudiced by the intervention, since they had every opportunity to make timely objections and whatever motions were necessary as to the participation of the intervener. On the basis of these findings by the court, there is obviously no merit to this contention by the defendants. Although the intervention

proceedings were quite obviously not in conformity with the rule (§ 21–1–1(24) (c), N.M.S.A.1953), and we do not condone any non-compliance with the rule, nevertheless, absent an attack upon the findings, defendants cannot now object.

■ Defendants then urge that the trial court should have granted a new trial because the defendants were not allowed to present all material evidence. Here, again, the trial court found that the defendants had every opportunity to assert, and did assert, claims against intervener Johnson. There is nothing to indicate from the findings, and, as a matter of fact, every inference is to the contrary, that defendants were not allowed to present all of their evidence which was proper, material and relevant, in the controversy between themselves and the intervener.

■■ Defendants lastly declare that the trial court erred in making certain findings of fact and conclusions of law outside the issues and pleadings. While, as already noted, the record discloses a singular lack of compliance with the rules of procedure covering interventions, no objection to this effect was voiced until after the trial had been completed and the court had announced its decision. It does not lie with appellants to now complain that the pleadings were defective and did not cover the issues. A general attack on findings of fact and conclusions of law covering the

issues tried and determined without objection can avail appellants nothing. Hall v. Bryant, 1959, 66 N.M. 280, 347 P.2d 171; Luvaul v. Holmes, 1957, 63 N.M. 193, 315 P.2d 837.

It follows that the appeal is without merit and the judgment will be affirmed. It is so ordered.

CHAVEZ and MOISE, JJ., concur.