871 P.2d 365

Cecelia **LUCERO**, Plaintiff–Appellee,
and Cross–Appellant,

v.

**ALADDIN BEAUTY COLLEGES,
INC.**, Defendant–Appellant,
and Cross–Appellee.

No. 21268.

Supreme Court of New Mexico.

March 1, 1994.

Hinkle, Cox, Eaton, Coffield & Hensley, Richard E. Olson, Gregory S. Wheeler, Roswell, for defendant-appellant and cross-appellee.

Tandy Hunt, Roswell, for plaintiff-appellee and cross-appellant.

## OPINION

RANSOM, Justice.

Aladdin Beauty Colleges appeals from an award of attorney's fees and prejudgment interest made to Cecelia Lucero. Lucero cross-appeals from the refusal of the court to instruct the jury to consider whether she was entitled to pain and suffering damages for Aladdin's violation of her human rights. We affirm the award of attorney's fees and prejudgment interest and dismiss the cross-appeal on procedural grounds.

*Facts and proceedings.* Aladdin employed Lucero as an instructor at its Roswell school. In November 1985, Aladdin terminated Lucero for her failure to enforce the school's rule prohibiting instructors and students from speaking a foreign language on school grounds. In December 1985, Lucero filed a complaint with the New Mexico Human Rights Commission alleging that Aladdin discriminated against her in violation of the Human Rights Act, NMSA 1978, §§ 28–1–1 to –14 (Repl.Pamp.1991). On September 10, 1992, the Commission rendered a decision in Lucero's favor, awarding her compensatory damages and attorney's fees. On October 5, Aladdin appealed to the district court. The case was heard de novo by a jury and on February 10, 1993 the jury awarded Lucero $69,100 in compensatory damages. Following the trial, the judge awarded Lucero prejudgment interest and $45,000 in attorney's fees. Lucero collected $90,000 of the judg-

ment by executing on a line of credit that Aladdin had established prior to trial.

■ *The trial court did not abuse its discretion by awarding Lucero attorney's fees.* The Human Rights Act permits the award of reasonable attorney's fees "[i]n any action or proceeding ... if the complainant prevails." Section 28–1–13(D). Lucero received awards of attorney's fees following the judgment in her favor by the Commission and following the judgment in her favor by the trial court. We review the award of attorney's fees using an abuse of discretion standard. *See* § 28–1–13(D) ("court in its discretion may allow ... reasonable attorney's fees").

■ Lucero entered into a contingent fee contract with her attorney under his representations that he would seek an award of attorney's fees from the court and that no fee would be taken from her compensation for lost wages. Aladdin argues that the trial court should not have awarded attorney's fees because the award does not further the policies embodied in the Human Rights Act. As stated by Aladdin in its brief, one of the policies embodied in the Act is to encourage lawyers to take cases involving alleged violations of the Act. *See also Jones v. Wilkinson,* 800 F.2d 989, 991 (10th Cir.1986) (stating policies for awarding attorney's fees in federal civil rights cases), *aff'd,* 480 U.S. 926, 107 S.Ct. 1559, 94 L.Ed.2d 753 (1987). Notwithstanding that the trial court expressly found that Lucero needed representation and could not afford to pay for services as and when required, Aladdin contends that, because Lucero did not establish that she had trouble obtaining effective counsel, the policy of encouraging representation was not served in this case through the award of attorney's fees.

■ According to Aladdin's view, if a complainant finds an attorney with relative ease then that attorney should not receive fees because the incentive of attorney's fees is not expressly shown to have been necessary and the policy embodied in the Act is not satisfied. We believe, to the contrary, that application of the policy encouraging lawyers to take human rights cases is not fact specific,

and we hold that the trial court properly awarded attorney's fees.

Aladdin also argues that, if attorney's fees may be awarded, then the amount in this case was unreasonable. This Court has stated previously that the trial court should consider several factors in determining reasonableness, including:

(1) the time and effort required, considering the complexity of the issues and the skill required; (2) the customary fee in the area for similar services; (3) the results obtained and the amount of the controversy; (4) time limitations; and (5) the ability, experience, and reputation of the attorney performing the services.

*Smith v. FDC Corp.,* 109 N.M. 514, 522, 787 P.2d 433, 441 (1990). Aladdin does not contest the trial court's finding that Lucero's counsel was able and experienced, and that this case involved "novel and hotly contested issues." Further, there is no controversy over time limitations.

■ Aladdin contends that because Lucero's attorney did not keep time records he could not satisfy the first element. After listening to testimony of attorneys and examining the number of hours that Aladdin's attorneys expended, the trial court estimated that Lucero's attorney expended approximately 350 hours on this case. The record shows that the trial court awarded Lucero fees based on an estimated time period approximately seventy-five hours less than the number of hours Aladdin's attorneys spent defending this case exclusive of the time spent by Aladdin's lead trial counsel. This comparative use of the hours expended by opposing counsel was perfectly reasonable in light of other testimony. Further, we reject the notion that time records constitute essential evidence without which attorney's fees are not recoverable.

Aladdin also argues that there was no evidence as to the customary fee of an attorney practicing in this area of law. Aladdin did not argue this point to the trial court and the court did not make an express finding as to customary fee. Aladdin, however, did stipulate that $140 was a reasonable hourly rate to be paid to Lucero's counsel and the trial court awarded Lucero $4000 less than the

reasonable hourly rate multiplied by 350 hours. Thus, although the trial court did not determine what the customary fee would be, it did not abuse its discretion by awarding an amount that was approximate to the reasonable hourly rate multiplied by the reasonable number of hours spent on the case.

Finally, Aladdin argues that the court did not consider the results obtained and the amount in controversy. The jury awarded Lucero $69,100 in compensatory damages and the trial court awarded Lucero prejudgment interest of ten percent from 1986. Lucero's award, therefore, then amounted to over $120,000. The court awarded $45,000 in attorney's fees, an amount equal to approximately 27% of the total judgment, including attorney fees. We take judicial notice of the standard 33⅓% of the total recovery (50% of the client's share of the recovery) that attorneys typically receive when retained on a contingent fee contract. We hold that the trial court did not abuse its discretion in determining the attorney's fees and that the amount of the award made here is reasonable.

■ *The trial court did not abuse its discretion by awarding Lucero prejudgment interest.* The trial court awarded Lucero prejudgment interest pursuant to NMSA 1978, Section 56–8–4(B) (Repl.Pamp.1986). This statute allows the trial court in its discretion to award interest after considering whether the plaintiff caused unreasonable delay and whether the defendant made a "reasonable and timely offer of settlement to the plaintiff." *Id.* The purpose of awarding prejudgment interest under Section 56–8–4(B) is to foster settlement and prevent delay. *Southard v. Fox,* 113 N.M. 774, 777, 833 P.2d 251, 254 (Ct.App.1992).

■ Aladdin argues that the trial court abused its discretion in awarding interest because damages for human rights violations are not ascertainable. Whether the damages are liquidated (fixed and ascertainable) bears upon the court's discretion in awarding prejudgment interest as damages under the interest rate statute, Section 56–8–3. *See, e.g., Economy Rentals, Inc. v. Garcia,* 112 N.M. 748, 762, 819 P.2d 1306, 1320 (1991). Section 56–8–4(B), however, is not similarly limited

by whether damages are fixed or ascertainable. *See Southard,* 113 N.M. at 778, 833 P.2d at 255. Because the language in Section 56–8–4(B) is general, the legislature must have intended that, to foster timely settlements, a discretionary award of prejudgment interest is allowed in all cases.

■ Aladdin offered Lucero $1500 for full settlement of her claims in 1986. The parties engaged in settlement negotiations in 1992, but the negotiations did not result in a settlement offer. Although the trial court did not expressly find that Aladdin's 1986 offer was unreasonable, we infer that the trial court believed the $1500 offer was unreasonable. The court did make reference to Aladdin's offer before specifically awarding Lucero interest under Section 56–8–4(B). Given the final outcome of the case, the trial court did not abuse its discretion by awarding Lucero prejudgment interest at ten percent.

Finally, Aladdin argues that the award of prejudgment interest should not run from the date that Lucero filed her complaint with the Human Rights Commission in January 1986. Aladdin contends that it could do nothing to speed up the proceedings of the Commission while Lucero could have petitioned the Commission for a determination at any time during the seven years that the Commission had jurisdiction over the complaint. This argument, however, ignores the fact the trial court awarded prejudgment interest because Aladdin did not make a reasonable or timely offer of settlement. Aladdin could have avoided prejudgment interest entirely by making a reasonable and timely offer. Therefore, we cannot hold that the trial court abused its discretion by awarding prejudgment interest from January 1986.

■ *Lucero waived her right to appeal by accepting the benefits of the judgment.* "The general rule is that a party waives her right to appeal when she accepts the benefits of a judgment." *Courtney v. Nathanson,* 112 N.M. 524, 525, 817 P.2d 258, 259 (Ct.App.), *cert. denied,* 112 N.M. 499, 816 P.2d 1121 (1991). This rule was stated in a 1923 case in which this Court held that "one cannot ac-

cept a benefit under a judgment and then appeal from it, where the effect of the appeal may be to annul the judgment. . . ." *State v. Fernandez Co.*, 28 N.M. 425, 426, 213 P. 769, 769 (1923). In this case, Lucero already has accepted payment for her compensatory damages by collecting on the line of credit established by Aladdin. Thus, Lucero has accepted the benefits of the judgment and has waived her right to appeal the compensatory damage award.

Lucero argues that she has not waived her right to appeal because her acceptance of the line of credit fits within an exception to the general rule found in *Fernandez:* "[W]here there is no possibility that the appeal may lead to a result whereby the appellant may recover less than has been received under the judgment appealed from, the right to appeal is unimpaired." 28 N.M. at 426, 213 P. at 769; *see also First Nat'l Bank in Albuquerque v. Energy Equities Inc.*, 91 N.M. 11, 18, 569 P.2d 421, 428 (Ct.App.1977) (holding that appellant satisfied exception). Lucero contends that her pain and suffering claim is separate from the damages considered by the jury and thus she is not appealing the original award but is asking for additional compensation.

This Court has no way of knowing whether the jury considered the emotional damages that Lucero contends are recoverable as "pain and suffering." The jury was given an instruction that allowed them to consider the "nature and extent of the duration of the injury and discrimination." The trial court did not expressly limit Lucero's proof or her right to argue that the nature and extent of the discrimination included emotional distress.[1] Because we cannot determine whether the jury considered emotional distress, we would have to remand the case for a new trial on all damages if we were to reverse for the jury instructions' failure to specify "pain and suffering" as an element of actual damages. At the new trial, it is possible that Lucero would receive less than what she received at the first trial. Therefore, Lucero's appeal does not fall within the exception

to the general rule and she waived her right to appeal by accepting the benefits of the judgment.

*Conclusion.* The trial court's award of attorney's fees and prejudgment interest is affirmed. Lucero's cross-appeal is dismissed.

**IT IS SO ORDERED.**

BACA and FRANCHINI, JJ., concur.

---

1. We note, further, that the merits of the refusal to instruct on "pain and suffering" indeed may turn not on whether emotional distress was compensable in this case as actual damages, but on whether Lucero had voluntarily withdrawn this claim, for tactical reasons, prior to trial.