1998-NMCA-048

957 P.2d 76

**BOARD OF EDUCATION, RIO RANCHO PUBLIC SCHOOL DISTRICT,**
Petitioner–Appellee,

v.

**Peter B. JOHNSON, as Trustee of the Peter K. Johnson and Lisa A. Johnson Trust, Respondents–Appellants.**

No. 18721.

Court of Appeals of New Mexico.

Feb. 25, 1998.

Joseph Van R. Clarke, Simons, Cuddy and Friedman, LLP, Santa Fe, for Appellee.

Stevan J. Schoen, Albuquerque, for Appellants.

*OPINION*

HARTZ, Chief Judge.

{1} This case concerns the right of a property owner to appeal a condemnation award after accepting payment of the award. While we recognize that a property owner's right to challenge an award on appeal is not prejudiced by acceptance of the amount tendered by the condemning authority when it seeks to enter the property to be condemned, we hold that the property owner in this case waived its right to appeal by accepting full payment of the district court judgment.

**BACKGROUND**

{2} The Board of Education, Rio Rancho Public School District (the School District) filed a petition in district court on August 28,

1995 to condemn certain property in Sandoval County pursuant to the New Mexico statute providing for a special alternative condemnation procedure. *See* NMSA 1978, §§ 42–2–1 to 42–2–16 (1981). Under this procedure the condemning authority can obtain expedited access to the property to be condemned by depositing with the district court clerk the amount the authority is offering the property owner and also filing a surety bond, if one is required by the court. *See* § 42–2–6. The School District's petition set forth the amount offered as compensation for each of the tracts to be condemned. It also sought a preliminary order of entry, pursuant to Section 42–2–6, permitting the School District to enter and occupy the tracts immediately. On the same day that the petition was filed, the district court filed a preliminary order of entry, conditioned on the deposit with the court clerk of $397, 100—the sum of the amounts offered for the tracts to be condemned. The School District promptly deposited the money.

{3} The Peter K. Johnson and Lisa A. Johnson Trust (the Trust) owned a portion of the land sought by the School District. The petition offered $13,900 for the Trust's property (the Property). The Trust's Trustee, Peter B. Johnson (the Trustee), responded to the petition, raising various affirmative defenses and challenging the adequacy of the $13,900 offer. After a bench trial the district court awarded the Trust $22,500 as just compensation for the Property. In response to the judgment the School District deposited an additional $8,600 with the court clerk. On July 21, 1997 the court clerk issued a cashier's check to the Trust in the amount of $24,992.87 to pay the judgment and interest.

{4} The Trustee appealed the judgment and the School District cross-appealed. The School District also moved to dismiss the Trustee's appeal on the ground that he had waived his right to appeal by accepting full payment on the judgment. Our summary calendar notice proposed dismissal of the Trustee's appeal and summary affirmance on the School District's cross-appeal. *See* Rule 12–210(A), (D) NMRA 1998 (describing summary calendar). Because the School District has not responded to our calendar notice, we

affirm on the cross-appeal. *See Frick v. Veazey*, 116 N.M. 246, 861 P.2d 287 (Ct.App. 1993) (failure to file memorandum in opposition to calendar notice constitutes acceptance of proposed disposition). With respect to the Trust's appeal, the Trustee has responded to our calendar notice, contending that he did not waive his right to appeal. We disagree and therefore dismiss the appeal.

## DISCUSSION

■ {5} " 'The general rule is that a party waives her right to appeal when she accepts the benefits of a judgment.' " *Lucero v. Aladdin Beauty Colleges, Inc.*, 117 N.M. 269, 272, 871 P.2d, 365, 368 (1994) (quoting *Courtney v. Nathanson*, 112 N.M. 524, 525, 817 P.2d 258, 259 (Ct.App.1991)). There are exceptions, however, *see Lucero*, 117 N.M. at 273, 871 P.2d at 369, and the Trustee contends that we should recognize two exceptions that would preserve his right to appeal.

■■ {6} One exception to the general rule is set forth in *Lucero*. " '[W]here there is no possibility that the appeal may lead to a result whereby the appellant may recover less than has been received under the judgment appealed from, the right to appeal is unimpaired.' " *Id.* (quoting *State v. Fernandez Co.*, 28 N.M. 425, 426, 213 P. 769, 769 (1923)). Trustee suggests that the rationale for that exception has been fulfilled here because the School District filed a motion in district court to set a supersedeas bond to protect the School District in the event that the judgment were ultimately to be set aside and reduced. In particular, the Trustee contends that the School District has elected to protect its interests on appeal through a supersedeas bond, and thus is barred from invoking the doctrine that the Trustee has waived his right to appeal.

{7} We disagree. We note that the motion to set a supersedeas bond was filed more than three weeks after payment to the Trustee by the court clerk. The Trustee therefore can make no claim that he relied on the School District's motion when he decided to accept payment on the judgment, nor can he contend that the School District has engaged in sharp practices, *see Courtney*, 112 N.M. at 525–26, 817 P.2d at 259–60 (rejecting contention that appellee "sand-bagged and blind-

sided appellant"). On the record before us, we find no waiver by the School District of its right to move for dismissal of the appeal. We recognize that in some jurisdictions a party can collect the entire judgment and still protect its right to appeal by giving security to the appellee. *See Kruse v. Hemp,* 121 Wash.2d 715, 853 P.2d 1373, 1376 (1993) (en banc). But even were we to adopt that rule, it would not apply here. The Trustee did not provide security before filing his notice of appeal, and he still has not. In *Courtney* we held that an appellant who had collected on the judgment could not continue with her appeal by repaying the amount collected. 112 N.M. at 526–27, 817 P.2d at 260–61. Here, too, the Trustee at this late date cannot cure a defect that rendered invalid his initial notice of appeal.

**{8}** The Trustee's second contention is based on the statute governing special alternative condemnation procedures. The Trustee claims that Section 42–2–6(B) specifically states that he can accept payment of the judgment without waiving his right to appeal. The pertinent language of that section is as follows:

> No order of entry to any property being taken from a private property owner for rights-of-way may be granted until there is deposited with the clerk of the district court the amount offered as just compensation. Money from this deposit shall be disbursed under such conditions as the court may deem appropriate, upon the demand of any person having an estate or interest in such property, and the final judgment shall not include interest from the date of said deposit on the amount of such advance deposit. Disbursements may be made only by order of court entered after expiration of the time for the filing of an answer. *Any disbursement of money from an advance deposit shall be without prejudice to the right of a defendant land owner to litigate for additional compensation.* The court or jury shall not award a lesser sum than that shown by the petitioner's appraised value testified to in court.

(Emphasis added). The Trustee relies on the emphasized sentence. He contends that

his right "to litigate for additional compensation" would be prejudiced if his receipt of the deposit would preclude him from appealing the amount of the award. We agree with the Trustee to that extent. Receipt by the landowner of the advance deposit does not preclude the landowner from appealing the district court award.

**{9}** Where we differ with the Trustee is in the interpretation of the term "advance deposit." The statutory language makes clear that the "advance deposit" is "the amount offered as just compensation" and "deposited with the clerk of the district court" prior to the granting of the order of entry to the property. § 42–2–6(B) An *advance* deposit is a deposit made before some other action. Here, that action is clearly the granting of the order of entry. It would be rather odd nomenclature to refer to payment of the additional amount required by the judgment as payment of an *advance* deposit. The statute appears to assume that the advance deposit is the minimum amount that the landowner could receive for the condemned property, so that the School District or other petitioner could not be prejudiced by disbursal of the advance deposit to the landowner. *See id.* ("The court or jury shall not award a lesser sum than that shown by the petitioner's appraised value testified to in court.").

**{10}** Thus, the Trustee would not have waived his right to appeal by accepting disbursement of the advance deposit of $13,900. But taking the post-judgment deposit of $8,600 plus interest did constitute such a waiver. *See Lucero.*

**{11}** The Trustee cites several decisions from other jurisdictions in support of his position. All but one are readily distinguishable on their facts. In *Dye v. Schick,* 74 Ind.App. 459, 129 N.E. 242 (1920), the condemning authority was not even a party. The dispute was between the purchaser and seller under a real estate contract. In *City of St. Louis v. Senter Commission Co.,* 343 Mo. 1075, 124 S.W.2d 1180 (1938), the appeal was by the city, not the landowner; and the opinion even suggests that if the landowner had withdrawn the deposited money, it would have been precluded from seeking additional

funds. *See id.* 124 S.W.2d at 1184. In *St. Louis Oak Hill & Carondelet Railway Co. v. Fowler,* 113 Mo. 458, 20 S.W. 1069 (1892), the court does not discuss the right of the landowner to appeal. The issue of waiver did not arise, and there was no discussion of whether the landowner had collected on the judgment. The only pertinent portion of the opinion simply states that during the litigation the landowner would have the right to withdraw the funds that would be the counterpart to the "advance deposit" in the New Mexico statutory scheme. *Id.* 20 S.W. at 1072–73. *Housing Authority v. Ryan,* 127 N.J. Eq. 482, 13 A.2d 850 (N.J.Ch.1940), is not a decision by an appellate court. The issue was whether the housing authority had to pay the award to the landowner prior to the authority's appealing or whether it would suffice to deposit the funds in court. The court held that the housing authority could not take possession of the land without paying the landowner. In *Manhattan Railway Co. v. O'Sullivan,* 8 A.D. 320, 40 N.Y.S. 937 (1896), the condemnor was the appellant; the landowner's waiver of the right to appeal was not an issue. In *Housing Authority v. Dixon,* 250 S.W.2d 636 (Tex.Civ.App.1952), the housing authority was the appellant and the landowner had received only the Texas counterpart of our advance deposit. (Moreover, in a situation like that before us on appeal, Texas law holds that the landowner is not entitled to appeal. *Latimer v. State,* 328 S.W.2d 242 (Tex.Civ.App.1959)). In *Buckhannon & Northern Railroad Co. v. Great Scott Coal & Coke Co.,* 75 W.Va. 423, 83 S.E. 1031 (1914), the appellant was the petitioning railroad company, not the landowner. Also, the amount paid to the landowner prior to appeal was, again, the counterpart of the "advance deposit" under New Mexico law. *Id.* 83 S.E. at 1041. In short, none of these cases addresses the waiver issue presented by this appeal, nor does any even contain dictum helpful to the Trustee's claim.

{12} The one case cited by the Trustee that is factually in point is *Department of Public Works v. Neider,* 55 Cal.2d 832, 13 Cal.Rptr. 196, 361 P.2d 916 (1961) (in bank). The court held that the landowner could appeal the sufficiency of the condemnation award even after the judgment had been paid to the landowner. But the California statute upon which the case was decided differs materially from Section 42–2–6(B). The California statute states in pertinent part:

> It shall be the duty of the court, or a judge thereof, upon application being made by such defendant [landowner], to order and direct that the money so paid into court for him be delivered to him upon his filing a satisfaction of the judgment, or upon his filing a receipt therefor, and an abandonment of all defenses to the action or proceeding, except as to the amount of damages that he may be entitled to in the event that a new trial shall be granted. *A payment to a defendant, as aforesaid, shall be held to be an abandonment by such defendant of all defenses interposed by him, excepting his claim for greater compensation.*

13 Cal.Rptr. at 198, 361 P.2d at 918 (emphasis added). Hence, the statute specifically provides that receipt of full payment of the judgment does not waive the right to pursue further compensation. The issue before the California Supreme Court was whether the peculiar circumstances of the condemnation in that case were covered by the statute. The opinion indicates that there was no real challenge to the proposition that the statute modified the general rule that one who accepts the benefits of a judgment waives the right to appeal from that judgment. *See id.*

{13} To sum up, the out-of-state cases cited by the Trustee do not present any reason to modify our interpretation of the New Mexico statute. We hold that the Trustee, by accepting the full amount of the judgment, and not just the advance deposit, has waived his right to appeal.

■ {14} Finally, we address two procedural arguments raised by the Trustee. First, he contends that even if we are right on the law, the record does not establish that the Trust received payment in full on the judgment. He relies on *American Telephone & Telegraph Co. v. Walker,* 77 N.M. 755, 427 P.2d 267 (1967). The court in that case permitted the landowner to appeal a condemnation judgment even though warrants had been issued to the landowners'

attorneys in the full amount of the judgment, because one attorney had returned the warrant and the other had never presented it for payment. Here, in contrast, the record reflects delivery of a cashier's check in full payment at the request of counsel for the Trust, the School District alleges that payment was accepted by the Trust, and the responsive pleadings of the Trustee have not disputed that allegation. In these circumstances we see no need for an evidentiary hearing to determine whether the Trust negotiated the check.

{15} Second, the Trustee argues that the School District failed to raise in district court its contention that the Trustee waived his right to appeal and that the issue therefore is not properly before this Court. But the School District had no opportunity to raise the matter below. It would have no cause to move to dismiss the appeal until the Trustee filed his notice of appeal, and filing the notice deprived the district court of jurisdiction to decide the issue. *See Corbin v. State Farm Ins. Co.*, 109 N.M. 589, 592, 788 P.2d 345, 348 (1990).

{16} For the above reasons, we dismiss the appeal and affirm on the cross-appeal.

{17} **IT IS SO ORDERED.**

BOSSON and BUSTAMANTE, JJ., concur.

BOSSON, Judge.

{18} I concur in the opinion of the court. I write separately to recommend legislative change.

{19} As correctly stated in this opinion, it is the general rule that an appellant who accepts payment of his judgment pending appeal waives the right to continue with the appeal. The special condemnation statute at issue here crafts an exception which allows disbursement of money from an advance deposit "without prejudice to the right of a defendant landowner to litigate for additional compensation." NMSA 1978, § 42-2-6(B) (1966). Thus, the landowner here was authorized to take possession of the advance deposit. Unknown to him, however, the statute did not authorize him to take the extra amount awarded by the court, $8,600, without jeopardizing his appeal. I reluctantly agree that this is what the statute says, and for that reason I concur in the opinion. However, I cannot believe that this is what our legislature meant, and therefore I urge corrective action.

{20} It is appropriate that condemnation cases are an exception to the general rule. The condemning entity quickly obtains possession, use, and soon thereafter, title to the land in question. Thus, one side to the litigation gets everything it seeks at once. The landowner, on the other hand, must sit and wait, sometimes for years, before receiving full compensation for the taking of his property. When this statute allows disbursement of money from an advance deposit without prejudicing the appeal, this is no gift from the state; it is the only way to avoid unconstitutionally trampling on landowner rights without due process of law. The landowner pays a high price in return for society benefiting from immediate use of his land. But the landowner should only have to sacrifice so far. He should be able to take immediate possession of not only the advance deposit, but of any other amounts awarded by a court as satisfaction for his loss, and without jeopardy to his appeal. Some states have had the wisdom so to legislate. New Mexico's statute is remiss in not doing so, but I would hope not for long.

{21} I also sympathize with how the landowner came to such a predicament in this case. The difference between taking possession of the amount initially placed in deposit, which was authorized by statute, as opposed to the increased differential in the judgment, which was not, is at best subtle, and in my opinion, counter-intuitive. The landowner erred in this case by doing that which was both logical and seemingly authorized by the statute until it was placed under a microscope. This is a classic trap for the unwary and ill-suits the noble purpose of this statute. I urge our legislature's attention to this problem so that innocent landowners do not have to continue such an unjust sacrifice in the name of progress.