This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**ANDREW JONES,**

Plaintiff-Appellant,

v.                                                        **No. A-1-CA-35120**

**THE CITY OF ALBUQUERQUE POLICE DEPARTMENT and THE DEPARTMENT OF PUBLIC SAFETY OF THE STATE OF NEW MEXICO,**

Defendants-Appellees.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Denise Barela-Shepherd, District Judge**

Kennedy, Kennedy & Ives, LLC
Adam C. Flores
Joseph P. Kennedy
Shannon L. Kennedy
Laura Schauer Ives
Albuquerque, NM

for Appellant

Doughty, Alcaraz & deGraauw, P.A.
Robert M. Doughty, III
Jeffrey M. Mitchell
Albuquerque, NM

for Appellee New Mexico Department of Public Safety

# MEMORANDUM OPINION

**VIGIL, Judge.**

**{1}** Plaintiff Andrew Jones appeals the trial court's order granting the New Mexico Department of Public Safety's (DPS) motion for summary judgment, under the Inspection of Public Records Act (IPRA), NMSA 1978, §§ 14-2-1 to -12 (1947, as amended through 2013). For the reasons that follow, we affirm. Because this is a memorandum opinion and the parties are familiar with the facts and procedural posture of the case, we set forth only such facts and law as are necessary to decide the merits.

## BACKGROUND

**{2}** In the Sandia foothills near Albuquerque, New Mexico, James Boyd was shot and killed by gunshot wounds inflicted by Albuquerque Police Department Detective Keith Sandy, on March 16, 2014. On March 28, 2014, the Federal Bureau of Investigation (FBI) announced in a press release that it had opened an investigation into the death of James Boyd, and whether the shooting gave rise to civil rights violations.

**{3}** On April 8, 2014, pursuant to IPRA, Plaintiff requested from the DPS custodian of records "any and all" records in the possession of DPS pertaining to the shooting of James Boyd. DPS responded in writing to Plaintiff's request on April 22, 2014.

DPS confirmed that it was "in possession of investigative reports, audio/video evidence, and investigatory materials" related to the shooting of James Boyd. However, DPS declined, temporarily to produce its "investigatory reports and materials" under the law enforcement records exception to IPRA, Section 14-2-1(A)(4). DPS explained that its basis for withholding these records was: (1) that there was an ongoing FBI investigation into the shooting; and (2) that disclosure of the requested records would threaten the integrity of the FBI's investigation. DPS stated, "[t]he records that you have requested will be preserved and provided to you when the release of such records no longer jeopardizes the law enforcement investigation."

{4} Plaintiff filed suit against DPS on May 16, 2014, under IPRA, seeking to compel production of the records sought in his IPRA request and attorneys' fees. In its answer, DPS asserted as an affirmative defense that the records requested by Plaintiff were excepted from disclosure under Section 14-2-1(A)(4).

{5} Plaintiff thereafter filed a motion for summary judgment contending that based on the undisputed material facts, DPS wrongfully denied his IPRA request. This motion was denied by the trial court on December 9, 2014. The trial court concluded that the records withheld were excepted from production under Section 14-2-1(A)(4) as confidential law enforcement records based on DPS's showing that the records sought by Plaintiff were subject to an ongoing FBI investigation. However, the trial

court also ordered: (A) "[s]hould the [FBI] fail to complete its investigation [into the shooting of James Boyd] by January 15, 2015, then DPS shall produce a privilege log to . . . Plaintiff providing a description of the documents withheld and the basis therefore"; (B) "[a]t that time, Plaintiff will have an opportunity to challenge the privilege log"; and (C) "[c]oncurrently with the production of the privilege log, DPS shall produce the requested records to the Court in camera so that the Court may address any challenges to DPS's privilege log." Plaintiff did not object. In January 2015 the FBI concluded its investigation, and DPS began processing and producing to Plaintiff the records withheld sought in his IPRA request.

{6} On April 15, 2015, after it provided to Plaintiff the records withheld, DPS filed a motion for summary judgment, seeking dismissal of Plaintiff's IPRA action. DPS argued in part that summary judgment in its favor was appropriate because the trial court had "already ruled that the requested materials were law enforcement materials, exempted from the requirements of IPRA." DPS also contended that the remedy of enforcement was no longer available to Plaintiff since it had produced the records withheld, to Plaintiff at the close of the FBI's investigation.

{7} The trial court filed its order granting DPS summary judgment on September 9, 2015. The trial court ruled that summary judgment in favor of DPS was proper based on its December 9, 2014 order, which concluded that "the records at issue were

exempt from disclosure pursuant to Section 14-2-1(A)(4) of IPRA" and because DPS "turned over the records [at issue] after the FBI concluded its investigation." As a result, the trial court concluded, "Plaintiff is not entitled to an award of attorneys' fees" under IPRA. Plaintiff appeals from this order.

**DISCUSSION**

{8}     On appeal, Plaintiff asserts that the trial court erred in granting DPS's motion for summary judgment. Plaintiff argues that DPS failed to satisfy its burden to establish that the records requested by Plaintiff are exempt from disclosure under the law enforcement records exception to IPRA, Section 14-2-1(A)(4).

{9}     In relevant part, DPS responds that this Court should decline to reach the merits of Plaintiff's appeal on procedural grounds. Having failed to object to the trial court's December 9, 2014 order denying his motion for summary judgment, DPS contends that Plaintiff's claims cannot be considered for the first time on appeal. We agree.

**I.      Standard of review**

{10}     "Summary judgment is appropriate where there are no genuine issues of material fact and the movant is entitled to judgment as a matter of law." *Cox v. N.M. Dep't of Pub. Safety*, 2010-NMCA-096, ¶ 4, 148 N.M. 934, 242 P.3d 501 (internal quotation marks and citation omitted). "An appeal from the grant of a motion for summary judgment presents a question of law and is reviewed de novo." *Id.* (internal

quotation marks and citation omitted). Additionally, "[w]e will review the issue of waiver and acquiescence de novo." *Concerned Residents of Santa Fe N. Inc. v. Santa Fe Estates, Inc.*, 2008-NMCA-042, ¶¶ 19-22, 143 N.M. 811, 182 P.3d 794 (reviewing de novo order granting summary judgment against landowner on issue of whether landowner waived its defense of res judicata in contract action brought by resident group, where the trial court only considered undisputed facts in its ruling).

## II.    Analysis

{11}    Generally, in order "[t]o preserve an issue for review, it must appear that a ruling or decision by the trial court was fairly invoked." Rule 12-321 NMRA. "The principal purpose of this rule is to alert the trial judge to the claimed error, giving the trial court an opportunity to correct the matter." *Trace v. Univ. of N.M. Hosp.*, 2015-NMCA-083, ¶ 11, 355 P.3d 103. It follows that issues not raised before the trial court are waived on appeal. *See Chase v. Contractors' Equip. & Supply Co.*, 1983-NMCA-058, ¶ 15, 100 N.M. 39, 665 P.2d 301; *see also Estates at Desert Ridge Trails Homeowners' Ass'n v. Vazquez*, 2013-NMCA-051, ¶ 40, 300 P.3d 736 (holding that the homeowners' association's (HOA) claim of an alleged HOA rule violation by the defendant was waived on appeal, where the HOA failed to timely request relief from the trial court judgment, which failed to rule on the issue).

**{12}** Similarly, New Mexico appellate courts will not reverse the judgment of a trial court on the basis of a claimed error in which the complaining party acquiesced. *See Quintana v. Quintana*, 1941-NMSC-038, ¶ 7, 45 N.M. 429, 115 P.2d 1011 ("We may not properly reverse judgments for errors seemingly acquiesced in below and, for aught that appears, discovered by counsel to be such subsequent to trial."); *see also N.M. Selling Co. v. Crescendo Corp. (NSL)*, 1964-NMSC-180, ¶¶ 5-7, 74 N.M. 409, 394 P.2d 260 (holding that although there was a lack of compliance with procedure governing interventions in the trial court, the defendants were not entitled to complain on appeal that the trial court failed to follow the rules of procedure, where no timely objection on the issue was made by the defendants); *Chase*, 1983-NMCA-058, ¶¶ 12-15 (holding that on appeal from default judgment in favor of the plaintiff, issues raised by the defendant in support of the claim that the procedure between entry of default and the entry of default judgment was erroneous was waived where the issues were not raised in the trial court).

**{13}** In its December 9, 2014 order denying Plaintiff's motion for summary judgment, the trial court ruled that the records sought by Plaintiff and withheld by DPS were excepted from production under the law enforcement records exception to IPRA under Section 14-2-1(A)(4). However, the trial court also ordered that if the FBI failed to complete its investigation by January 15, 2015, then DPS would be required

to produce a privilege log to Plaintiff "providing a description of the documents withheld and the basis therefore[,]" which Plaintiff would then be given an opportunity to challenge. And concurrently with the production of the privilege log, DPS was required to produce the records for an in camera review, to enable the trial court to address any challenge to the privilege log made by the Plaintiff.

{14}     Plaintiff voiced no objections to the trial court-ordered procedure in its December 9, 2014 order. Specifically, Plaintiff did not object to the procedure ordered by the trial court for revisiting, after January 15, 2015, its ruling on the law enforcement records exception to the records withheld. We therefore conclude that Plaintiff acquiesced to the trial court's December 9, 2014 order, which effectively amounted to an interlocutory determination that the records withheld were properly excepted from production and a sua sponte order allowing rehearing of the issue approximately a month later. As such, Plaintiff failed to preserve any arguments attacking the December 9, 2014 order.

{15}     Additionally, consistent with the trial court's December 9, 2014 order, when the FBI closed its investigation prior to the January 15, 2015 deadline, DPS promptly produced to Plaintiff the records withheld—which Plaintiff accepted. When DPS produced the records withheld, and Plaintiff accepted the same records without objection, the controversy underlying Plaintiff's IPRA claim was resolved, and

8

became moot. *Cobb v. Gammon*, 2017-NMCA-022, ¶ 13, 389 P.3d 1058 ("An issue is moot when no actual controversy exists, and the court cannot grant actual relief."); *Bd. of Educ. v. Johnson*, 1998-NMCA-048, ¶ 5, 125 N.M. 91, 957 P.2d 76 ("[A] party waives her right to appeal when she accepts the benefits of a judgment." (internal quotation marks and citation omitted)). It follows that while Plaintiff was able to acquire the records withheld, he sought in his IPRA request, he did not succeed in an action to enforce the provisions of IPRA. Accordingly, Plaintiff is not entitled to an award of attorneys' fees. *See* Section 14-2-12.

**CONCLUSION**

{16}     For the foregoing reasons, the order of the trial court is affirmed.

{17}     **IT IS SO ORDERED.**


_____

**MICHAEL E. VIGIL, Judge**

**WE CONCUR:**


_____

**J. MILES HANISEE, Judge**


**JULIE J. VARGAS, Judge (dissenting)**

**VARGAS, Judge, (dissenting).**

{18} I cannot concur in the majority opinion. Plaintiff neither acquiesced to the district court's ruling requiring Defendant to produce the records for in camera inspection, nor was Plaintiff's appeal rendered moot when the requested records were ultimately produced. We should have reached the merits of Plaintiff's appeal, considered the district court's order granting Defendant's motion, held that Defendant failed to meet its burden under Rule 1-056 and remanded the matter to the district court for further proceedings.

**Waiver By Acquiescence**

{19} While the majority sets out our well-settled preservation principles, Majority Op. ¶ 11, it does not decide the case based on these principles, instead holding that Plaintiff's failure to object to the review procedure ordered by the district court constituted acquiescence. I agree that under the facts of this case, preservation is not an issue, as Plaintiff invoked a ruling from the district court on his motion for summary judgment. *See* Rule 12-321 ("To preserve an issue for review, it must appear that a ruling or decision by the trial court was fairly invoked.").

{20} I do not, however, agree that Plaintiff acquiesced to the review procedure that resulted from the district court's ruling on Plaintiff's summary judgment motion. Plaintiff argued throughout the December 9, 2014 hearing that he was entitled to the public records within fifteen days of the date they were requested in April 2014, that Defendant failed to establish its claimed exception, and that Defendant's failure to produce the records mandated that the district court award him damages and attorney fees. Plaintiff renewed these arguments in his response to Defendant's motion for summary judgment, at which time he also renewed his motion for summary judgment and asked that the court order that Defendant "reimburse his costs and attorney's fees expended in the prosecution of this action."

{21} Nothing in our Rules of Civil Procedure require a party to object to an order denying that party's motion for summary judgment. Even if such an objection was required, Plaintiff's objection would surely be based on the same argument it had already made to the court—that pursuant to IPRA, he was entitled to the public records within fifteen days of his request and it was error for the district court deny the motion and instead, implement the privilege log and in camera review procedure set out in its order. Furthermore, the cases cited by the majority in support of its findings of acquiescence are distinguishable from the circumstances of this case. In *New Mexico Selling Co.*, 1964-NMSC-180, ¶¶ 3-5, our Supreme Court found a waiver

of the appellants' right to appeal an order allowing another to intervene in the litigation when the appellants failed to object to the intervenor's oral motion to intervene and their subsequent participation in the litigation, including trial. In *Chase*, 1983-NMCA-058, ¶¶ 14-15, we rejected the appellant's challenge to the district court's action of taking damage testimony immediately after the entry of a default judgment because trial counsel failed to object to the testimony before the district court. Neither of these cases is akin to the circumstances of this case. While these cases hinge on the appellants' failures to advise the district court that they opposed the actions taken, Plaintiff continuously argued that he was entitled to receive the requested records within fifteen days of his request and that Defendant's failure to comply with his request was a violation of IPRA. In light of Plaintiff's repeated argument that he was entitled to receive the documents without further delay, it was not necessary that he specifically object to the district court's ruling that it would re-evaluate Plaintiff's entitlement to the documents at a future date.

{22}   Finally, the practical implications of the majority's holding are particularly troubling when viewed in the context of the litigation as a whole. The district court's entry of an order denying Plaintiff's motion left Plaintiff with the option of either proceeding toward a trial on the merits or filing a discretionary motion for reconsideration or interlocutory appeal. *See* Rule 1-059(E) NMRA; NMSA 1978,

§ 39-3-4 (1999). The majority's holding—that the failure to pursue discretionary remedies to a non-final order amounts to waiver of appellate arguments—not only creates uncertainty for the litigants as to the appropriate course of action, but exposes the district court to significant additional work.

**Mootness**

{23}    I further disagree with the majority that Defendant's production of the documents in January 2015 rendered the appeal moot. While we have long held that, when no actual controversy exists for which a ruling by the court will grant relief, an appeal is moot and ordinarily should be dismissed, *see Gunaji v. Macias*, 2001-NMSC-028, ¶ 9, 130 N.M. 734, 31 P.3d 1008, this case was not moot upon Defendant's production of the public records requested by Plaintiff. Subject to the exceptions set out in the statute, IPRA grants "[e]very person has a right to inspect public records of this state[.]" Section 14-2-1(A). The custodian of requested public records must "permit the inspection immediately or as soon as is practicable under the circumstances, but not later than fifteen days after receiving a written request." Section 14-2-8(D). Should the custodian fail to permit inspection within the time set out in Section 14-2-8(D), the request may be deemed denied, and "[t]he person requesting the public records may pursue the remedies provided in [IPRA,]" including an action to enforce the provisions of IPRA and recover damages. Section 14-2-11(A),

(C). Because Defendant had an obligation to produce any records responsive to Plaintiff's request and not subject to any statutory exception within the time frame set out in the statute, its failure to do so gives rise to a cause of action that is not mooted by any subsequent, untimely production by Defendant. By statute, Plaintiff is entitled to recover damages and attorney fees related to any record he can prove was not timely produced.

**Summary Judgment**

{24}     Finally, we should have reached the merits of Plaintiff's appeal. Section 14-2-1(A)(4) grants "[e]very person has a right to inspect public records of this state, except . . . law enforcement records that reveal confidential sources, methods, information or individuals accused but not charged with a crime." When a response to a request for public records includes information that is both exempt and nonexempt from disclosure, the information "shall be separated by the custodian prior to inspection, and the nonexempt information shall be made available for inspection." Section 14-2-9(A). Implicit in the statute is the proposition that a plaintiff who is not allowed to inspect nonexempt public records because they are wrongfully withheld is entitled to "pursue the remedies provided in [IPRA]," including an action to enforce the provisions of the statute and recover damages, which is what Plaintiff has chosen to do here. *See* Section 14-2-11(A), (C).

14

**{25}** While the district court appears to have concluded that the exemption set out in Section 14-2-1(A)(4) was applicable to this case, it simultaneously recognized that all of the information withheld by Defendant may not be subject to the exemption, ordering that if the FBI investigation was not concluded by January 15, 2015, then, "[D]efendant shall produce a privilege log as to the items they claim fall under the exemption . . . and the [c]ourt will review this in-camera. The court will also allow any challenges to the privilege log to be made, as well."

**{26}** The evidence submitted by Defendants in support of its motion for summary judgment is of little assistance in determining whether the information it withheld was subject to the exemption. In its letter responding to Plaintiff's IPRA request, Defendant advises that it "is in possession of investigative reports, audio/video evidence, and investigatory materials that would be responsive to the areas outlined in [Plaintiff's] request." Defendant claims that the reports and materials "identify emergency, non-emergency, and civilian personnel who were on-scene before, during, and after the incident," noting that "[i]n varying degrees, all of these individuals are witnesses[.]" Finally, Defendant asserts that the investigatory reports and materials "note specific actions or inactions, impressions, observations, and statements of these numerous and varied individuals who were on-scene." Defendant claims that "[t]he

public release of these materials at this juncture would interfere with, and threaten the integrity of, the FBI investigation[.]"

{27}    Nothing in Defendant's letter or other documents submitted in support of its motion for summary judgment indicates that it conducted an evaluation as to whether each of the investigative reports, audio/video evidence, and investigatory materials was exempt, as required by Section 14-12-9(A), allowing it to withhold the records from disclosure.  Instead, Defendant makes a broad, sweeping statement that all the reports "note specific actions or inactions, impressions, observations, and statements[,]" the release of which would interfere with and threaten the integrity of the FBI's investigation. Absent a showing that it conducted an evaluation of each of the public records subject to disclosure and determined that each record "reveal[s] confidential sources, methods, information or individuals accused but not charged with a crime[,]" Defendant has failed to make a prima facie showing that it is entitled to summary judgment under Rule 1-056 NMRA. *See* Section 14-2-1(A)(4). I would reverse the district court's grant of summary judgment and remand this case to the district court for further proceedings.

_____
**JULIE J. VARGAS, Judge**

16