817 P.2d 258

Barbara A. **COURTNEY**,
Plaintiff–Appellant,

v.

Martha **NATHANSON**, Defendant–
Appellee.

No. 12569.

Court of Appeals of New Mexico.

July 30, 1991.

Certiorari Denied Sept. 11, 1991.

Steven J. Vogel, Albuquerque, for plaintiff-appellant.

M. Clea Gutterson, J.E. Casados, Gallagher, Casados & Mann, P.C., Albuquerque, for defendant-appellee.

## OPINION

HARTZ, Judge.

Plaintiff appeals from a judgment awarding her $4000 in damages as a result of injuries suffered in a motor vehicle accident. She contends that the collateral source rule was violated and that the verdict was the result of passion, prejudice, or undue influence. Defendant has moved to dismiss the appeal on the ground that plaintiff has accepted the benefit of the judgment by receiving payment in full from defendant. We grant the motion and dismiss the appeal.

■ The general rule is that a party waives her right to appeal when she accepts the benefit of a judgment. *See State v. Fernandez Co.*, 28 N.M. 425, 213 P. 769 (1923); *First Nat'l Bank in Albuquerque v. Energy Equities Inc.*, 91 N.M. 11, 18, 569 P.2d 421, 428 (Ct.App.1977). Plaintiff disputes the rule, contending that a party can collect on a judgment during an appeal unless the opposing party posts a supersedeas bond. But the cases she relies upon involve attempts by an *appellee* to collect on or otherwise enforce a judgment. *E.g., Bank of Santa Fe v. Honey Boy Haven, Inc.*, 106 N.M. 584, 746 P.2d 1116 (1987); *Farms v. Carlsbad Riverside Terrace Apartments, Inc.*, 102 N.M. 50, 690 P.2d

1044 (Ct.App.1984). As long as appellant has posted no supersedeas bond, the *appellee* (who is not challenging the judgment) ordinarily may execute on the judgment. *Bank of Santa Fe.* Here, however, the *appellant* has collected on the judgment.

■ *Energy Equities* recognized one exception to the general rule. We wrote, "[W]here there is no possibility that the appeal may lead to a result whereby the appellant may recover less than has been received under the judgment appealed from, the right to appeal is unimpaired." 91 N.M. at 18, 569 P.2d at 428. That exception does not apply here. The relief sought in plaintiff's brief-in-chief is reversal and remand "for a new trial on the issue of damages." Plaintiff's appeal places the amount of the judgment in jeopardy. If plaintiff prevails on appeal, she may obtain a lesser award at the new trial.

■ Plaintiff also contends that defendant has sand-bagged and blind-sided her and engaged in Rambo tactics in paying the judgment and then moving for dismissal of the appeal. Although we assume that unethical tactics by an appellee may be pertinent in determining whether an appeal should be dismissed, the record before us contradicts plaintiff's assertions. In late January 1991, shortly before filing the brief-in-chief on appeal, plaintiff's attorney wrote a letter to defendant's attorney demanding payment of the judgment and threatening execution if payment was not made within five days. Defendant's attorney promptly moved in district court for a temporary restraining order prohibiting plaintiff from seeking to execute on the judgment while pursuing the appeal. At the hearing on the motion, defendant's attorney stated: "She can't accept the money and challenge it at the same time * * *. We just seek to have the plaintiff restrained from executing a judgment, which she is attempting to overturn herself * * * We would be happy to pay the people and have the appeal dismissed. We don't challenge the judgment." Later in the proceeding she added: "We are perfectly happy to pay the judgment, but they're appealing the judgment, saying it's not valid. Yet, at

the same time, they want to collect it. I think, in fact, if they collect it, they put the validity of their appeal in jeopardy." Plaintiff's attorney responded, "No. That's not what—the rule is clear." The district court denied the application for the temporary restraining order. On March 7, 1991, a few days before filing the answer brief, defendant's attorney issued a check to plaintiff and her attorney in the amount of $4044.97. The check was endorsed by plaintiff and her attorney and negotiated a few days later. A Satisfaction of Judgment and Costs was filed with the district court on April 1. The pleading recites that the judgment against defendant plus interest and costs, less defendant's costs entered against plaintiff, had been fully paid and satisfied. The pleading was signed by the attorneys for both parties. Given this record, there is no basis to conclude that sharp practices by defendant's attorney tricked plaintiff's attorney into forfeiting the right to appeal by accepting payment on the judgment.

■ In her brief in response to defendant's motion to dismiss the appeal, plaintiff makes a point of the fact that the words "as to form" were printed under her attorney's signature on the satisfaction of judgment. We fail to understand the significance of that fact. Indeed, we fail to understand what the words mean in this context. Ordinarily, the words "as to form" under an attorney's signature are found only on orders or judgments of the court. In that context the three words mean that the attorney agrees that the order or judgment accurately reflects the judge's decision, but the attorney does not agree with that decision. By analogy, perhaps the words "as to form" here meant only that plaintiff's attorney agreed that all the money owed had been taken care of but that the judgment was, for some reason, not "satisfied." In any event, we need not speculate on the meaning of the words. It is undisputed that the check from defendant's attorney was tendered as full payment of the amount owed and that plaintiff accepted the payment. (We need not consider whether the result would be different

if defendant had made only a partial payment on the judgment.)

Plaintiff's response to defendant's motion to dismiss also asserts that payment by defendant was in defendant's interest because payment terminated the accrual of interest on the judgment. Again, we fail to see the significance of that fact. Therefore, we will not speculate as to whether defendant (or her insurer) actually gained a financial advantage by paying the judgment and avoiding interest charges. Defendant cites no authority suggesting that advantage to the appellee is of any import, and we assume that there is none. *See In re Adoption of Doe,* 100 N.M. 764, 676 P.2d 1329 (1984). In the pertinent case law the issue is framed simply in terms of whether the appellant has collected or executed on the judgment.

■ Finally, plaintiff suggests that if she cannot both collect on the judgment and pursue her appeal, she should be permitted to repay the amount received from defendant and continue with the appeal. Although the argument has some attractions, it is contrary to the weight of authority. *See Schubert v. Reich,* 36 Cal.2d 298, 223 P.2d 242 (1950) (in bank); *Montgomery v. Montgomery,* 88 N.W.2d 104 (N.D.1958); 4 Am.Jur.2d, *Appeal and Error* § 251, at 746 (1962); Annotation, *Right of Appeal From Judgment or Decree as Affected by Acceptance of Benefit Thereunder,* 169 A.L.R. 985, 1057–58 (1947). *Contra Alco Land & Timber Co. v. Baer,* 289 Ala. 567, 269 So.2d 99 (1972). We follow the majority rule. Our reasons are as follows.

The law has been clear in New Mexico that plaintiff could not both pursue an appeal and collect on the judgment. *See State v. Fernandez Co.; Energy Equities.* Appellant was alerted to this possibility by the argument of appellee at the hearing on the motion for a temporary restraining order. There is nothing unfair about holding plaintiff to a tactical decision made by counsel. Plaintiff cannot "cure" the error simply by repaying defendant the amount of the check, even if interest is added. Full compensation to defendant would require reimbursement for attorney's fees and oth-

er costs, such as lost time, caused by plaintiff's effort to collect on the judgment. Yet we question our authority to require plaintiff to pay anything more than the amount received plus interest. *See Hiatt v. Keil*, 106 N.M. 3, 738 P.2d 121 (1987) (attorney fees not recoverable in absence of statute or rule). Moreover, even if there was authority for this court to make an award to defendant that would truly make her whole, to exercise that authority would likely require a significant expenditure of judicial resources—receiving evidence, hearing argument, and rendering a decision—which are already strained beyond capacity. We do not believe that such an effort should be expended simply because the appellant made what she now believes to be a strategic error.

Defendant's request for costs and attorney fees is denied. We dismiss.

IT IS SO ORDERED.

BIVINS and CHAVEZ, JJ., concur.