1998-NMCA-071

959 P.2d 562

**Chris KRAHLING, Superintendent of Insurance, State of New Mexico, Plaintiff,**

v.

**EXECUTIVE LIFE INSURANCE COMPANY, A California corporation, and Does 1 Through 1,000, Defendants,**

**and**

**THE NEW MEXICO LIFE INSURANCE GUARANTY ASSOCIATION, Defendant/Third Party Plaintiff–Appellant,**

v.

**FIRST TRUST NATIONAL ASSOCIATION, Honeywell, Inc., and Honeywell Pension and Retirement Committee, Third Party Defendants–Appellees.**

**No. 17916.**

Court of Appeals of New Mexico.

April 21, 1998.

See also, 123 N.M. 685, 944 P.2d 914.

Victor R. Marshall, Cindi L. Pearlman, Victor R. Marshall & Associates, P.C., Albuquerque, for Appellants.

David L. Hashmall, Felhaber Larson Fenlon & Vogt, Minneapolis, MN, Paul Bardacke, John Baugh, Eaves, Bardacke & Baugh, P.A., Albuquerque, for Appellees.

## OPINION

DONNELLY, Judge.

{1} The New Mexico Life Insurance Guaranty Association (the Association) appeals from an order of the trial court imposing confidentiality requirements upon evidence obtained by the Association through compelled discovery from Honeywell Pension and Retirement Committee (Honeywell). The central issue presented on appeal is whether the trial court erred in denying the Association's motion to lift an order of confidentiality which prohibited the Association from sharing certain discovery material with litigants in other jurisdictions engaged in similar litigation. For the reasons discussed herein, we reverse.

## FACTS

{2} Executive Life Insurance Company (ELIC), a California corporation authorized to do business in New Mexico, became insolvent in 1991. The Superintendent of Insurance filed ancillary receivership proceedings in this state and joined the Association as a party. The Association is comprised of insurers authorized to transact insurance business in this state and provides statutory protection to New Mexico policyholders pursuant to the requirements of the New Mexico Life and Health Insurance Guaranty Law (the Act). *See* NMSA 1978, §§ 59A–42–1 to –16 (1984, as amended in 1993).

{3} The Association filed a third-party complaint against Honeywell and First Trust National Association (First Trust) for a declaratory judgment as to whether guaranteed investment contracts (GICs) issued by ELIC were covered by the provisions of the Act. The trial court ruled that the GICs were not annuity contracts within the contemplation of this state's statutory definitions of annuities. First Trust and Honeywell appealed the decision to this Court and, on July 7, 1997, this Court affirmed the trial court's ruling in *Krahling v. First Trust National Ass'n,* 1997–NMCA–082, ¶ 4, 123 N.M. 685, 944 P.2d 914.

{4} During the course of this litigation, the Association sought production of evidence from Honeywell through discovery. The Association did not obtain all of the discovery sought and filed a motion to compel production. The trial court ordered production, but granted Honeywell's request that the discovery be kept confidential. The trial court directed that the matters produced be sealed and that the Association be enjoined from sharing the discovery information with guaranty associations engaged in litigation in other states. After the trial court granted summary judgment in favor of the Association, relying in part on documents which had been ordered to be sealed, the Association moved to lift the order of confidentiality. Following a hearing on October 7, 1996, the court denied the motion.

## ANALYSIS

{5} The Association argues that the trial court erred in denying its request to lift the

confidentiality order. Specifically, the Association asserts that the trial court erred in allowing Honeywell to designate all of the documents produced by it during discovery as "confidential," without any showing of a legally cognizable or sufficient cause for the order. Responding to this argument, Honeywell raises several defenses, including its contention that the appeal herein was untimely. We turn first to an examination of this issue.

### Timeliness of Appeal

{6} The order of confidentiality was entered January 18, 1996.[1] Honeywell argues that, at the hearing on the Association's motion for summary judgment on April 1, 1996, the trial court considered an oral request of the Association to lift the protective order, and the motion was orally denied. An order granting the Association's motion for summary judgment was entered on July 19, 1996; however, the order made no reference to the trial court's denial of the motion to lift the order of confidentiality. Although Honeywell appealed the order granting summary judgment on July 19, 1996, the ruling denying the Association's oral motion to lift the order of confidentiality was never reduced to writing. See Vigil v. Thriftway Mktg. Corp., 117 N.M. 176, 178, 870 P.2d 138, 140 (Ct.App. 1994) ("Oral rulings are not final and therefore [are] not a proper basis for an appeal.").

{7} On August 15, 1996, the Association filed a written motion to lift the order of confidentiality. This motion was pending and unresolved by the trial court when Honeywell filed its appeal from the order granting summary judgment. On October 7, 1996, the trial court denied the Association's timely motion to lift the order of confidentiality and the Association filed its amended notice of appeal on November 4, 1996.

{8} The appeal herein was filed within thirty days of the entry of the order which is the subject of this appeal; hence, we deem it timely. To the extent Honeywell is

arguing that the trial court was deprived of jurisdiction to rule on the motion to lift the order of confidentiality after the filing of the notice of appeal from the order granting summary judgment, the court retained jurisdiction to consider the motion because it dealt with a collateral issue which was not disposed of by the appeal. See Gonzales v. Surgidev Corp., 120 N.M. 151, 157, 899 P.2d 594, 600 (1995) (trial court retains jurisdiction pending appeal to address discovery matters extrinsic and collateral to principal issues raised by the parties).

### The Confidentiality Order

{9} Honeywell asserts a multifaceted defense in support of the trial court's order of confidentiality. It argues that the Association lacks standing to raise this issue; that the Association has waived such claim; that it would be unfair to lift the order of confidentiality because it relied on the trial court's ruling in complying with discovery; that the Association has failed to show a compelling need to lift the order of confidentiality; and that discovery sharing by the Association with other litigants in other jurisdictions is an impermissible use of discovery. We address each of these arguments in turn.

{10} In Does v. Roman Catholic Church, 1996–NMCA–094, ¶ 13, 122 N.M. 307, 924 P.2d 273, this Court considered the standard of review and standing of a party to vacate a discovery order noting that a reviewing court will reverse a protective order only for abuse of discretion, and that "[Rule] 1–026(C) [NMRA 1998] permits the district court 'for good cause shown' to issue a protective order 'which justice requires to protect a party or person from annoyance, embarrassment, oppression or undue burden or expense.'" See also Anderson v. Cryovac, Inc., 805 F.2d 1, 7 (1st Cir.1986) (finding of "good cause" must be based on a factual determination of potential harm, not on conclusory statements); 8 Charles A. Wright, et al., Federal Practice and Procedure § 2035 (2d ed.1994).[2]

---

1. The order provided, in part, that if any party deems it necessary "for the purpose of this action, it needs to disclose ... information contained in or derived from any confidential matter" pursuant to the trial court's discovery order,

and the parties cannot agree on the release of such information, "application to the Court for a ruling on such request may be made."

2. Honeywell does not argue that the discovery materials which are covered by the confidentiali-

{11} Honeywell argues that the Association lacks standing to challenge the confidentiality order in this case because the Association has access to the documents within the scope of the order and therefore cannot show any actual or threatened injury flowing from the order. *See De Vargas Sav. & Loan Ass'n v. Campbell*, 87 N.M. 469, 473, 535 P.2d 1320, 1324 (1975). We find this argument unpersuasive. As this Court observed in *Does*, 1996–NMCA–094, ¶ 33, 122 N.M. 307, 924 P.2d 273, "[O]rdinarily no restraint should be placed upon a person's right to disclose discovery information however he or she pleases." The nature and purpose of the confidentiality order in this case is to restrain the general right of disclosure; hence, we find that the Association is a proper party to challenge the order. *See id.* ("The obvious candidate to seek vindication of this right [of disclosure] by challenging a protective order is the person who possesses discovery information and wishes to disclose it.").

{12} Honeywell alternatively asserts that the Association waived its right to challenge the confidentiality order because it did not object to the order when it was entered and because the Association stipulated to the form of the order. We disagree. The Association was not required to preserve by objection what the confidentiality order expressly authorized. The order specifically stated that "[a]ny party may at any time apply to this Court for modifications of or an exception to this Protective Order." The order further granted leave to both parties to apply to the trial court for a "determin[ation that] the materials are not subject to the restrictions contained in this Order." Having sought such a determination through its motion to lift the confidentiality order, the Association properly raises this issue on appeal from the trial court's denial of that motion. *See* Rule 12–216 NMRA 1998; *cf. Temple Baptist Church, Inc. v. City of Albuquerque*, 98 N.M. 138, 141–42, 646 P.2d 565, 568–69 (1982) (issue preserved where both parties filed their briefs and argued the issue

before the district court). Honeywell advances no authority for the proposition that a stipulation to the *form* of an order amounts to waiver of any rights by the stipulating party; therefore, we do not address this issue. *See* Rule 12–213(A)(3) NMRA 1998; *see also In re Adoption of Doe*, 100 N.M. 764, 765, 676 P.2d 1329, 1330 (1984) (where arguments in briefs are unsupported by cited authority, counsel is assumed to have been unable to find supporting authority). Moreover, as observed in *Courtney v. Nathanson*, 112 N.M. 524, 526, 817 P.2d 258, 260 (Ct.App. 1991), "[T]he three words ['as to form'] mean that the attorney agrees that the order or judgment accurately reflects the judge's decision, but the attorney does not agree with that decision."

{13} Additionally, Honeywell argues that it provided virtually unlimited discovery to the Association in reliance on the confidentiality order and that its asserted reliance militates strongly in favor of upholding the order. Most of the cases cited by Honeywell in support of its argument, however, involve situations in which the parties themselves requested and agreed to an order of confidentiality, whereas here, Honeywell secured confidentiality through imposition of a court order rather than by negotiated agreement. In *Tavoulareas v. Washington Post Co.*, 111 F.R.D. 653, 662–63 (D.D.C.1986), also cited by Honeywell, the court refused to remove a blanket protective order following the completion of trial in part because the plaintiff had provided "massive" discovery of commercially sensitive, proprietary information in reliance on the terms of the protective order in that case. We find *Tavoulareas* inapposite to the factual situation here. In the instant case, unlike in *Tavoulareas*, the confidentiality order specifically stated that "the fact that a document or information has been designated as 'confidential' shall not create a presumption that it is protected by a cognizable claim of confidentiality." Under these circumstances, we do not think that Honeywell was entitled to rely on the permanence of the

ty order contain trade secrets, attorney work product, or sensitive proprietary information. During oral argument, counsel argued that Honeywell's burden of demonstrating cause was

satisfied solely because of the existence of collateral litigation in Minnesota where a court order staying discovery had been entered until several issues could be resolved on appeal.

confidentiality order. *See Beals v. General Motors Corp.*, Civ.A. No. 85–825–WF, 1989 WL 384829, at *6 n. 1 (D.Mass. Dec.4, 1989) (distinguishing *Tavoulareas* because defendant knew that plaintiff reserved right to seek modification of the confidentiality stipulation). Also, as previously noted, *Honeywell* does not maintain on appeal that the discovery in question contains proprietary information. Finally, we note that even in *Tavoulareas* the court did lift the confidentiality order with respect to that discovery which was actually "used at trial or form[ed] the basis for substantive pretrial motions." *Tavoulareas*, 111 F.R.D. at 662. The core of what the Association seeks to disseminate in this case apparently formed the basis for its motion for summary judgment and was expressly relied upon by the trial court in granting the motion.

{14} Honeywell also contends that at this point in the proceedings the Association bears the burden of showing a compelling need for the confidentiality order to be modified or lifted. The Association, on the other hand, argues that because Honeywell failed to make a prima facie showing of good cause in support of the confidentiality order, the burden of proof still rests upon Honeywell to support the continuation of the order. We agree with the latter contention. Even after a confidentiality order has been entered, the burden remains on the party supporting the order to demonstrate the existence of good cause. *Tavoulareas*, 111 F.R.D. at 658; *see also* Jacqueline S. Guénégo, *Trends in Protective Orders Under Federal Rule of Civil Procedure 26(c); Why Some Cases Fumble While Others Score*, 60 Fordham L.Rev. 541, 569 (1991) ("Most courts conclude that to sustain the status quo, the opposing party must demonstrate that 'good cause' for the protective order exists."); *cf.* LR1–208(B) NMRA 1998 ("No court file, except those matters required by law to remain confidential, shall be ordered sealed from public inspection, except in extraordinary cases to be determined by the court[.]").

{15} An order prohibiting the disclosure of information obtained during discovery proceedings must be supported by a finding of good cause. *See* Rule 1–026(C); *see also Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 786 (3d Cir.1994) (" 'Good cause is established [by] showing that disclosure will work a clearly defined and serious injury to the party seeking closure. The injury must be shown with specificity.' " (quoting *Publicker Indus., Inc. v. Cohen*, 733 F.2d 1059, 1071 (3d Cir.1984))). The burden of proving an assertion of privilege rests upon the party asserting such claim. *McFadden v. Norton Co.*, 118 F.R.D. 625, 627 (D.Neb.1988). In determining whether a party has made a showing of good cause for the issuance of a protective order, courts have generally applied a balancing process. *See Pansy*, 23 F.3d at 787 (citing Arthur R. Miller, *Confidentiality, Protective Orders, and Public Access to the Courts*, 105 Harv.L.Rev. 427, 432–33 (1991) (court should balance the party's need for information against the injury that might result if uncontrolled disclosure is compelled)).

{16} Some of the documents or evidence which were subject to the trial court's order of confidentiality were relied upon by the trial court in its decision to grant the Association's motion for summary judgment. Absent compelling circumstances, a party should not be barred from disclosing evidence which was actually utilized by the trial court in reaching its decision. *See State ex rel. Bingaman v. Brennan*, 98 N.M. 109, 111, 645 P.2d 982, 984 (1982) (recognizing presumption in favor of public inspection and copying of matters received into evidence at public session of trial); *see also* NMSA 1978, § 34–1–1 (1972) (except as otherwise provided by law, court sessions shall be public). To do otherwise would undermine the openness of court proceedings, the public right of inspection, and is contrary to the provisions of Rule 1–026(C). *See Does*, 1996–NMCA–094, ¶ 14, 122 N.M. 307, 924 P.2d 273.

{17} The record discloses that each of approximately 66,000 pages of documents was uniformly designated as confidential; that Honeywell has not asserted that these documents are protected by specific privilege, including attorney-client privilege or trade secrets; and that Honeywell has

failed to point out with particularity the basis for according confidentiality of any individual document covered by the trial court's order. Nor has Honeywell shown that it will be harmed from such disclosure. In contrast, the Association asserts that certain materials included in the order are, in fact, public documents and that others have no apparent basis for remaining confidential. Based on the record before us, we conclude that the trial court's entry of the blanket order of confidentiality was improvidently granted. *See Does*, 1996–NMCA–094, ¶ 13, 122 N.M. 307, 924 P.2d 273 (basis for entry of protective order is grounded upon "'good cause shown'") (quoting Rule 1–026(C)); *see also* Arthur R. Miller, *supra*, 105 Harv.L.Rev. at 492 ("Judges must guard against any notion that the issuance of protective orders is routine, let alone automatic[.]"); Thomas M. Fleming, Annotation, *Propriety and Extent of State Court Protective Order Restricting Party's Right to Disclose Discovered Information to Others Engaged in Similar Litigation*, 83 A.L.R.4th 987, 991 (1991) (blanket orders of confidentiality generally found to be improper and overbroad).

■ {18} Lastly, Honeywell asserts that discovery sharing by the Association with other guaranty associations that are in litigation with Honeywell around the country would be a misuse of discovery for an "illicit" purpose. The majority of courts that have considered assertions of this nature authorize the practice of discovery sharing among litigants. Guénégo, *supra* at 546–48 and 570–71; *see also* Fleming, *supra*, 83 A.L.R.4th at 991 ("Characterizing as useful and proper the sharing of discovered material with similarly situated litigants in other cases, the state courts have generally disapproved of protective orders categorically forbidding the disclosure to outside parties of information produced in discovery[.]"). *See generally* Edward F. Sherman and Stephen O. Kinnard, *Federal Court Discovery in the 80's— Making the Rules Work*, 95 F.R.D. 245, 287 (1982). Moreover, Rule 1–001 NMRA 1998 indicates that the interests served by the New Mexico Rules of Civil Procedure are "to secure the just, speedy and inexpensive determination of every action." This language is identical to Rule 1 of the Federal Rules of Civil Procedure, and, as noted by the author in 60 Fordham Law Review, at 548, "[b]arring a bad faith purpose for the litigation on the part of the discovering party, most courts agree that discovery sharing serves Rule 1 interests and does not constitute good cause for entry of a protective order." (Footnote omitted.)

{19} The fact that courts in other jurisdictions may have restricted discovery in cases pending before them is generally insufficient to provide a basis for restricting access to discovery in New Mexico. We find instructive the reasoning of the court in *Wilk v. American Medical Ass'n*, 635 F.2d 1295, 1299 (7th Cir.1980) (as amended Jan. 9, 1981), recognizing the presumption that pretrial discovery should take place in public and that such presumption

should operate with all the more force when litigants seek to use discovery in aid of collateral litigation on similar issues, for in addition to the abstract virtues of sunlight as a disinfectant, access in such cases materially eases the tasks of courts and litigants and speeds up what may otherwise be a lengthy process.

{20} Other than its bare contention that discovery sharing is "illicit," Honeywell has not alleged any bad faith purpose on the part of the Association in seeking to share the fruits of discovery in this action with other guaranty associations. Honeywell does not deny that it can seek protective measures in the collateral litigation in Minnesota where discovery is presently stayed. Therefore, we conclude that the trial court's order prohibiting discovery sharing was in error, and Honeywell failed to make a sufficient showing of good cause for issuance or continuation of a blanket order of confidentiality. Moreover, we do not foresee this placing an undue burden upon the trial court because Honeywell has not asserted any particularized privilege with respect to any of the approximately 66,000 pages of the documents involved herein.

*CONCLUSION*

{21} The order denying the motion to lift the order of confidentiality is reversed and the cause is remanded for further proceed-

ings consistent herewith. The Association is awarded its costs on appeal.

{22} IT IS SO ORDERED.

BOSSON and BUSTAMANTE, JJ., concur.

