This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**BANK OF AMERICA, NATIONAL ASSOCIATION AS SUCCESSOR BY MERGER TO LASALLE BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR THE C-BASS MORTGAGE LOAN ASSET-BACKED CERTIFICATES, SERIES 2007-SP1,**

          Plaintiff-Appellee,

v.                                                      **NO. 32,979**

**MUKHTIAR S. KHALSA and GURNAM K. KHALSA,**

          Defendants-Appellants.

**APPEAL FROM THE DISTRICT COURT OF SANTA FE COUNTY**
**Francis J. Mathew, District Judge**

Rose Little Brand & Associates, P.C.
Karen Howden Weaver
Albuquerque, NM

for Appellee

SaucedoChavez, P.C.
Richard H. Cravens IV
Albuquerque, NM

for Appellants

**MEMORANDUM OPINION**

**VIGIL, Judge.**

{1}    Defendants-Appellants Mukhtiar S. Khalsa and Gurnam K. Khalsa (Defendants) seek to appeal from an order denying their motion for relief from a previously-entered award of summary judgment in the underlying foreclosure action. We issued a notice of proposed summary disposition, proposing to dismiss the appeal for want of a final order. Defendants have filed a memorandum in opposition. After due consideration, we remain unpersuaded that this matter is properly before us. We therefore dismiss.

{2}    The right to appeal is generally restricted to final judgments and decisions. *See* NMSA 1978, § 39-3-2 (1966). Whether an order is final, such that appeal is statutorily authorized, is a jurisdictional question that this Court is required to raise on its own motion. *Khalsa v. Levinson*, 1998-NMCA-110, ¶ 12, 125 N.M. 680, 964 P.2d 844.

{3}    The pendency of a motion for presentment, by which Plaintiff-Appellee Bank of America (Plaintiff) has sought to memorialize an oral award of sanctions against Defendants, disrupts the finality of the judgment. As we observed in the notice of proposed summary disposition, if the putative award was in the nature of a contempt or discovery order, the motion for presentment would be of less concern. *See, e.g., State v. Ngo*, 2001-NMCA-041, ¶ 7, 130 N.M. 515, 27 P.3d 1002 (holding that an

order for sanctions, "which was in part a contempt order and in part similar to a contempt order," was final and appealable when entered); *Krahling v. Exec. Life Ins. Co.,* 1998-NMCA-071, ¶¶ 6-8, 125 N.M. 228, 959 P.2d 562 (holding that the filing of notice of appeal did not deprive the district court of jurisdiction to reduce a prior oral ruling on a discovery matter to writing). However, as we previously explained, because the putative award appears instead to have been based on Rule 1-011 NMRA, and because such an award would entail a substantive evaluation of legal and factual issues involved in the case, we remain of the opinion that appellate review should await the entry of a written order which, at a minimum, memorializes the imposition of sanctions. *See Exec. Sports Club, Inc. v. First Plaza Trust*, 1998-NMSC-008, ¶¶ 12-14, 125 N.M. 78, 957 P.2d 63 (observing that "matters involving the award and valuation of attorney's fees are of marginal finality," and noting that where such an award entails "a substantive evaluation of legal and factual issues involved in the case," not all significant issues have been determined to the fullest extent possible, such that "the pending matter precludes finality"); *and see, e.g., Landess v. Gardner Turf Grass, Inc.*, 2008-NMCA-159, ¶ 5, 145 N.M. 372, 198 P.3d 871 (observing that the underlying proceedings were "sufficiently final" to permit appellate review where an order had been entered resolving the merits of the underlying litigation and

imposing sanctions pursuant to Rule 1-011, notwithstanding the fact that the specific *amount* of the sanctions award remained undecided).

{4}     The remainder of Defendants' memorandum in opposition is addressed to the merits of Defendants' standing argument. [MIO 2-3] Because we conclude that the pendency of the motion for presentment renders the instant appeal premature, we decline to consider the merits at this juncture.

{5}     Accordingly, for the reasons stated above and in our notice of proposed summary disposition, this appeal is DISMISSED.  We remand to the district court for further proceedings.

{6}     **IT IS SO ORDERED.**


_____
**MICHAEL E. VIGIL, Judge**

**WE CONCUR:**


_____
**MICHAEL D. BUSTAMANTE, Judge**



_____
**TIMOTHY L. GARCIA, Judge**

4