This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

No. A-1-CA-37704

**VERBLE WAYNE CHASE,**

Petitioner-Appellee,

v.

**LAMORA GAYNEL CHASE,**

Respondent-Appellant.

**APPEAL FROM THE DISTRICT COURT OF EDDY COUNTY**
**Lisa B. Riley, District Judge**

Hinkle Shanor LLP
Stephen S. Shanor
Chelsea R. Green
Roswell, NM

for Appellee

Grandjean Law Firm, LLC
Jeff Grandjean
Roswell, NM

for Appellant

## MEMORANDUM OPINION

**MEDINA, Judge.**

**{1}** Lamora Gaynel Chase (Wife) appeals the district court's determination of spousal support owed to her by Verble Wayne Chase (Husband) in its final decree of marriage dissolution. Wife raises two issues on appeal: (1) the district court erred when it terminated its ongoing jurisdiction over spousal support under NMSA 1978, Section 40-4-7(F) (1997); and (2) the district court abused its discretion when it misapplied Section 40-4-7(E) in determining the amount and duration of the spousal support Husband was required to provide Wife. We conclude that the district court properly terminated its

jurisdiction over spousal support under Section 40-4-7(F), and that Wife waived her right to appeal the spousal support award because she accepted the benefit of Husband's lump sum payment of spousal support and no exception to the benefit of the judgment rule applies. We therefore decline to address Wife's appeal on the merits and affirm.

**BACKGROUND**

**{2}** The following facts were introduced at trial. Husband filed for divorce in October 2016. At that time, Husband and Wife had been married for thirty-four years. During the pendency of the divorce proceedings, Wife remained in the marital estate in Carlsbad, New Mexico, and Husband moved into an apartment in Artesia, New Mexico. The marital estate consisted of a double-wide trailer—which the parties bought with the financial assistance of Husband's mother—on four acres of land given to both Husband and Wife by Wife's parents.

**{3}** Husband testified that he and Wife lived a "modest lifestyle" for most of their marriage, and even declared bankruptcy once when they became "overextended on [their] bills." Husband testified that he was currently employed with Mack Energy in Artesia, and estimated that he would earn around $100,000 that year from his employer.[1] At the time of trial, Husband had a pension fund worth $445,222 and a 401(k) account worth $336,523.

**{4}** Prior to filing for divorce in 2016, Husband received an inheritance from his mother and father exceeding $2 million. Husband testified that he used a portion of his inheritance to pay off their remaining debts, including the mortgage on their double-wide trailer, two car loans, loans against his 401(k), and some credit cards. Husband testified that he did so to ensure that Wife would not have those bills to pay.

**{5}** Wife testified that she was currently employed full-time as a customer access representative at a medical office in Carlsbad. In 2016, Wife earned approximately $29,502 and had not received a substantial raise in the year leading up to the trial. Wife did not have any other source of income aside from her employment.

**{6}** During the marriage, after Wife and Husband's two children began to attend school, Wife worked a series of jobs during the course of her marriage to Husband, including working as a pharmacy technician, as a certified nursing assistant, and in various medical offices. Wife testified that she had never contributed to a retirement fund while married because she and Husband used her income to pay their bills, including to make both car payments. Wife testified that her parents had provided financial support in the amount of nearly $11,000 to her during the divorce proceedings. When asked by her counsel what form Wife would prefer the spousal support payment take, Wife testified that she would prefer a lump sum because of concerns regarding her ability to collect.

---

[1]Husband also testified that he had received a single holiday bonus totaling nearly $200,000 at some point during his employment with Mack Energy.

**{7}**     At the conclusion of the trial on December 19, 2017, the district court issued a ruling from the bench. Relevant to this appeal, the district court announced that, with regard to spousal support,

> [T]he court is going to order that [Husband] will pay to [Wife] the sum of $1,000 a month for a period of five years. That is an amount of $60,000. There has been a request for a lump sum, there are, I can see advantages or disadvantages to doing a lump sum . . . . So I'm going to give [Husband] an option: its $1,000 a month for five years[,] which would be a total of $60,000, or if you want to pay a lump sum, you pay [Wife] $50,000 in the next ninety days and that will be accepted as the lump sum.

**{8}**     The district court confirmed its decision from the bench in its final decree of dissolution on January 5, 2018. Additionally, the district court included in its written ruling that,

> If [Husband] chooses not to pay the lump sum spousal support payment within ninety days, this [c]ourt will retain jurisdiction over the issue of spousal support. However, if [Husband] pays the lump sum spousal support payment within ninety days of the entry of this [o]rder, this [c]ourt will not retain jurisdiction over the full and final spousal support payment.

It appears undisputed that Husband elected to pay Wife the lump sum within the allotted timeframe, which she accepted. This appeal followed.

## DISCUSSION

**{9}**     On appeal, Wife argues that the district court (1) erred in terminating its ongoing jurisdiction over spousal support under Section 40-4-7(F) and improperly delegated its decision-making authority when it offered Husband the ability to choose between a lump sum payment or monthly spousal support payments; and (2) abused its discretion when it misapplied Section 40-4-7(E) in its determination of Husband's spousal support to Wife.

**{10}**     Husband responds that because Wife accepted his single lump sum payment, the district court did not have ongoing jurisdiction under Section 40-4-7(F); that sufficient evidence supports Wife's spousal support award under Section 40-4-7(E); and that Wife waived her right to appeal the district court's spousal support award under the "benefit of the judgment" rule.

**A.     The District Court Properly Terminated Ongoing Jurisdiction Over Spousal Support Under Section 40-4-7(F)**

**{11}**     Section 40-4-7(F) requires that "[t]he [district] court shall retain jurisdiction over proceedings involving *periodic spousal support payments* when the parties have been married for twenty years or more prior to the dissolution of the marriage[.]" (Emphasis

added.) In *Edens v. Edens*, this Court clarified that, as matter of statutory interpretation, Section 40-4-7(F)—which permits the modification of spousal support awards—is not applicable to lump sum awards under Section 40-4-7(B)(1)(d) (single sum subject only to death of the receiving spouse), or Section 40-4-7(B)(1)(e) (single sum not subject to any contingencies).[2] *See* 2005-NMCA-033, ¶ 27, 137 N.M. 207, 109 P.3d 295. "Thus, when Section 40-4-7(F) refers to a court's continuing jurisdiction 'over proceedings involving periodic spousal support payments' it is referencing the support payment provisions in Section 40-4-7(B)(1)(a), (b), and (c)." *Edens*, 2005-NMCA-033, ¶ 27.

{12}    In *Deeds v. Deeds*, this Court explained that a "lump sum" has been defined as "the award of a definite sum of money; and if the sum is payable in installments, the payments run for a definite length of time." 1993-NMCA-023, ¶ 9, 115 N.M. 192, 848 P.2d 1119 (alteration, internal quotation marks, and citation omitted). "Single sum spousal support is usually stated as a specific amount of money awarded either all at once or in payments. . . . This Court acknowledged that a single sum could be calculated by adding together the payment amounts stated in [a] marital settlement agreement." *Pruyn*, 2009-NMCA-103, ¶ 11. In comparison, transitional support is "an award designed to supplement the receiving spouse's income for a stated period[ and] . . . does not include any condition on receipt of support other than a definite term." *Gallasi v. Gallasi*, 2009-NMCA-026, ¶ 10, 145 N.M. 630, 203 P.3d 161.

{13}    Here, the district court used the phrases "transitional support" and "lump sum payment" interchangeably in its January 5, 2018, final decree of marital dissolution. However, this award is appropriately categorized as a "lump sum" or "single-sum" payment because the district court's award of spousal support was a specific amount of money: either $50,000 if paid immediately, or $60,000 at $1,000 per month over the course of five years. Thus, the district court properly terminated its ongoing jurisdiction over spousal support because Husband's $50,000 payment to Wife was a lump sum payment not subject to modification under Section 40-4-7(F). *See Edens*, 2005-NMCA-033, ¶ 27.

B.    **The Benefit of the Judgment Rule Precludes Wife's Appeal on the Merits**

{14}    The New Mexico Supreme Court first announced the benefit of the judgment rule in *State v. Fernandez Co.*, 1923-NMSC-007, 28 N.M. 425, 213 P. 769. In *Fernandez Co.*, our Supreme Court explained that "ordinarily, one cannot accept a benefit under a judgment and then appeal from it, where the effect of the appeal may be to annul the judgment[.]" *Id.* ¶ 2. Since then, "[t]he law has been clear in New Mexico that [a party] could not both pursue an appeal and collect on the judgment." *Courtney v. Nathanson*, 1991-NMCA-096, ¶ 8, 112 N.M. 524, 817 P.2d 258.

{15}    Consistent with the opportunity provided by the district court in its partial ruling at the conclusion of the trial, it appears undisputed that Husband elected to provide Wife a lump sum payment of $50,000 for spousal support and that Wife accepted such

---

2We note that the terms "lump sum" and "single sum" are used interchangeably in our case law. *See Pruyn v. Lam*, 2009-NMCA-103, ¶ 11, 147 N.M. 39, 216 P.3d 804.

payment. Application of the benefit of the judgment rule, thus, precludes us from reaching Wife's appeal on the merits. *See Fernandez Co.*, 1923-NMSC-007, ¶ 2; *see also Courtney*, 1991-NMCA-096, ¶ 8 (applying benefit of the judgment rule to preclude a party's appeal of collected damages award).

## C. No Exception to the Benefit of the Judgment Rule Applies

**{16}** Wife contends in her reply brief that an exception to the benefit of the judgment rule applies and that we should reach the merits of her appeal. Alternatively, Wife urges adoption of a new exception to the benefit of the judgment rule—that is, an "economic-necessity exception."

**{17}** As this Court has noted, the benefit of the judgment rule is " 'riddled with exceptions.' " *Hall v. Hall*, 1992-NMCA-097, ¶ 14, 114 N.M. 378, 838 P.2d 995 (quoting *Burnham v. Bray*, 661 P.2d 335, 338 (Idaho Ct. App. 1983)). One such exception is " 'where there is no possibility that the appeal may lead to a result whereby the appellant may recover less than has been received under the judgment appealed from, the right to appeal is unimpaired.' " *First Nat'l Bank of Albuquerque v. Energy Equities, Inc.*, 1977-NMCA-098, ¶ 33, 91 N.M. 11, 569 P.2d 421 (quoting *Fernandez Co.*, 1923-NMSC-007, ¶ 2).

**{18}** The benefit of the judgment rule was discussed in *Lucero v. Aladdin Beauty Colleges, Inc.*, 1994-NMSC-022, 117 N.M. 269, 871 P.2d 365. In *Lucero*, a former employee of Aladdin Beauty College challenged one aspect of a jury's determination of a trial award, which she had already collected. *See id.* ¶ 14. Our Supreme Court was unpersuaded by the former employee's argument that the *Fernandez Co.* exception applied because "[a]t the new trial, it is possible that [the former employee] would receive less than what she received at the first trial." *Lucero*, 1994-NMSC-022, ¶ 16.

**{19}** Here, Wife argues that her challenges to the district court's divestiture of jurisdiction and error in Husband's spousal award determination "would not implicate a scenario in which [Wife] would receive less than the amount initially received." As it is possible that Wife may be awarded less in spousal support by the district court than she was initially awarded if we were to reverse and remand for a new trial, we disagree. *See Lucero*, 1994-NMSC-022, ¶ 16; *see also Brister v. Brister*, 1979-NMSC-038, ¶ 16, 92 N.M. 711, 594 P.2d 1167 (explaining that "[c]hanges in circumstances of divorced parties may warrant reducing or terminating alimony obligations"). This is especially true given that one of Wife's claims on appeal is that the district court improperly applied the statutory factors under Section 40-4-7(E) governing spousal support awards. Because Wife could receive less spousal support at a new trial than she initially received, or receive less if the court were permitted to modify the award, the exception to the benefit of the judgment rules does not apply.

**{20}** Alternatively, Wife asks this Court to adopt a new exception to the benefit of the judgment rule known as the "economic-necessity exception." In support of this proposition, Wife directs us to *Kramer v. Kastleman*, 508 S.W.3d 211 (Tex. 2017).

**{21}** In *Kramer*, the Texas Supreme Court discussed the parameters of exceptions to the acceptance-of-benefits doctrine in the context of divorce proceedings, which in its words, arise "disproportionately . . . in marital dissolution cases."[3] *Id.* at 220. The acceptance-of-benefits doctrine, the court explained, is rooted in equitable estoppel which "prevents litigants from taking contradictory positions as a means of gaining an unfair advantage from the inconsistency." *Id.* at 217. Such estoppel "furthers finality, preserves scarce judicial resources, and guards against gamesmanship." *Id.* at 218.

**{22}** In Texas, one exception to the acceptance-of-benefits doctrine is economic necessity. *Id.* at 223-24. "Under the economic-necessity exception, acceptance is not voluntary if made under financial duress, which exists when the appellant otherwise lacked sufficient funds to provide the necessities of life." *Id.* at 224. This exception "recognizes there is no contradiction in pursuing an appeal—and thus no estoppel—if acceptance was not voluntary." *Id.*

**{23}** We decline in this instance to adopt a new exception to the benefit of the judgment rule. Although we agree with the equitable principles behind the economic-necessity exception, Wife's own actions would limit the efficacy of such an exception in this instance. We explain.

**{24}** At trial, Wife testified that she would prefer a lump sum payment of spousal support to avoid collection issues because she believed "it [won't] be long before [Husband] retires and he wants to move away." During closing arguments at trial, Wife's counsel also explained to the district court, "Our request is to have [the spousal support award] as a lump sum just to prevent future problems with regard to collection." Wife's request for a lump sum payment was specifically addressed by the district court in its ruling from the bench,

> So, the court is going to order that [Husband] will pay to [Wife] the sum of $1,000 a month for a period of five years. That is an amount of $60,000. *There has been a request for a lump sum*, there are, I can see advantages or disadvantages to doing a lump sum . . . . So I'm going to give [Husband] an option: its $1,000 a month for five years[,] which would be a total of $60,000 or if you want to pay a lump sum, you pay [Wife] $50,000 in the next ninety days and that will be accepted as the lump sum.

(Emphasis added.)

**{25}** Wife now challenges the district court's ruling that Husband pay Wife a spousal support lump sum payment—*which she herself requested*. However, as this Court has previously explained, "[W]e do not use equitable principles to save a party from circumstances [they] created." *Builders Cont. Interiors, Inc. v. Hi-Lo Indus., Inc.*, 2006-NMCA-053, ¶ 7, 139 N.M. 508, 134 P.3d 795 (internal quotation and citation omitted). Because it would be inappropriate to adopt a new exception to the benefit of the judgment rule at the behest of a party who now—with the benefit of hindsight—takes

---

3We read this doctrine to be analogous to New Mexico's benefit of the judgment rule.

issue with her own stated preference for a lump sum payment of spousal support, we decline Wife's invitation to adopt an economic-necessity exception. *See Courtney*, 1991-NMCA-096, ¶ 8 ("There is nothing unfair about holding [the] plaintiff to a tactical decision made by counsel.").

**CONCLUSION**

**{26}**    Because the district court properly terminated ongoing jurisdiction over spousal support and because application of the benefit of the judgment rule precludes us from addressing the merits of Wife's appeal, the district court's decision regarding the award of spousal support is affirmed.

**{27}    IT IS SO ORDERED.**

**JACQUELINE R. MEDINA, Judge**

**WE CONCUR:**

**BRIANA H. ZAMORA, Judge**

**JANE B. YOHALEM, Judge**